PEOPLE v CALABRO

Docket No. 95115. Submitted October 22, 1987, at Lansing. Decided February 16, 1988. Leave to appeal applied for.

Ernest J. Calabro, following a bench trial in Oakland Circuit Court, Norman L. Lippitt, J., was convicted of four counts of first-degree criminal sexual conduct involving his two stepdaughters, both of whom were under age thirteen. Defendant was sentenced to concurrent terms of seventeen to fifty years in prison and he appealed, raising several claims of error.

The Court of Appeals *held:*

1. The trial court erred in admitting the testimony of a police officer who, without a warrant, had eavesdropped on an incriminating telephone call defendant made to his wife prior to his arrest. The police must obtain a search warrant prior to monitoring a conversation even where, as here, one of the parties to the conversation had consented to be monitored. However, defendant, by failing to raise an objection, did not preserve this issue for appeal and the error was harmless in light of other evidence which overwhelmingly indicated defendant's guilt.

2. The trial court erred in admitting the testimony of the officer in charge of the case which was offered in rebuttal to defendant's testimony and concerned admissions defendant had made after his arrest. A witness may not be called on rebuttal to give testimony which tends to prove the crime itself or the immediate surroundings of the crime. However, the error was harmless in view of the overwhelming evidence against defendant.

3. The trial court, in imposing sentence, properly considered

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Am Jur 2d, Evidence §§ 250, 269.

Am Jur 2d, Search and Seizure §§ 24, 31, 49, 50.

Propriety of Federal District Court's allowance or denial of introduction of surrebuttal evidence in criminal trial. 71 ALR Fed 94.

Eavesdropping on extension telephone as invasion of privacy. 49 ALR4th 430.

Propriety of sentencing judge's consideration of defendant's perjury or lying in pleas or testimony in present trial. 34 ALR4th 888.

defendant's lack of remorse. A defendant's lack of remorse, as it bears on the defendant's potential for rehabilitation, is a proper consideration at sentencing.

Affirmed.

1. CRIMINAL LAW — APPEAL — EVIDENTIARY QUESTIONS.

An evidentiary question not raised at trial in a criminal case will not be reviewed on appeal in the absence of a miscarriage of justice (MCL 769.26; MSA 28.1096).

2. SEARCHES AND SEIZURES — TELEPHONE COMMUNICATIONS.

The police may not monitor a telephone conversation between two individuals without first obtaining a warrant; the warrant requirement applies even where one of the parties to the conversation consents to the monitoring.

3. CRIMINAL LAW — EVIDENCE — REBUTTAL EVIDENCE.

The prosecution may not call a witness on rebuttal to give testimony which tends to prove the crime itself or the immediate surroundings of the crime; such evidence is properly introduced in the prosecution's case in chief.

4. CRIMINAL LAW — SENTENCING — LACK OF REMORSE.

A defendant's lack of remorse may be considered by a trial court in imposing sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Bufalino & Palazollo, P.C.* (by *William E. Bufalino II* and *Dominick J. Sorise*), for defendant.

Before: M. J. KELLY, P.J., and DOCTOROFF and J. T. CORDEN,* JJ.

M. J. KELLY, P.J. Following a bench trial, defendant was convicted as charged on four counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). He was subsequently

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentenced to seventeen to fifty years in prison on each count, sentences to run concurrently. Defendant appeals as of right.

Defendant, a fifty-five-year-old man, was convicted of four counts of criminal sexual conduct with his two stepdaughters, who were both under the age of thirteen. The incident that supports the charges and defendant's convictions took place in January, 1985, when the girls' mother was hospitalized.

The mother, Cynthia Calabro, became aware of defendant's assault on her children on July 8, 1985. She confronted defendant that evening in their home. After this confrontation defendant left the home and the mother went to the police. The next day, the police accompanied the mother to the home. When they arrived, the telephone was ringing. The mother answered the phone and a police officer picked up the extension and listened in on the conversation.

The first issue raised by defendant concerns this telephone conversation. Defendant contends that the trial court abused its discretion when it allowed the police officer, over defense objection, to testify about admissions made by defendant during this telephone conversation. However, defendant's objection at trial was that it was impossible to tell whether defendant's admissions during the telephone conversation pertained to the incident defendant was charged with. On appeal defendant is now arguing that the testimony about the phone conversation should have been excluded because the police officer eavesdropped on a private conversation without first obtaining a search warrant. Since defendant did not make this objection at trial, absent a miscarriage of justice this issue is not preserved for appeal. MCL 769.26; MSA

28.1096. *People v Juarez,* 158 Mich App 66, 71; 404 NW2d 222 (1987).

In *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), cert den 423 US 878 (1975), the Supreme Court held that the Michigan Constitution requires the police to obtain a search warrant prior to monitoring a conversation, even where one party to the conversation has consented to the monitoring. Therefore, on the facts presented, despite Cynthia Calabro's consent to the police officer's listening on the phone extension, because no search warrant was previously obtained the officer's testimony concerning the conversation was improperly admitted.

Despite this conclusion, because the testimony was harmless beyond a reasonable doubt, reversal is not required. MCR 2.613(A). The evidence that defendant was guilty was overwhelming. Furthermore, because Cynthia Calabro's testimony about defendant's admissions made during the telephone conversation were properly admitted, the police officer's testimony on the subject merely corroborated the mother's testimony and was not a sine qua non to a finding of defendant's guilt. Admission of the testimony of the police officer did not cause a miscarriage of justice.

Defendant next argues that it was error to allow rebuttal testimony from the officer in charge concerning statements made by defendant after his arrest. Defendant contends this testimony should have been presented during the prosecution's case in chief and not after defendant testified, for the purpose of rebutting defendant's testimony.

When cross-examining defendant, the prosecution asked whether defendant had told police that he loved his two stepdaughters and that he was afraid to go to prison because of harassment of child molesters. Defendant denied making these

statements to the police. Following defendant's testimony, the prosecution called Officer Haggerty to rebut defendant's denial that he made these statements.

A witness may not be called on rebuttal to give testimony which tends to prove the crime itself, or the immediate surroundings of the crime. *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974); *People v Losey,* 413 Mich 346; 320 NW2d 49 (1982). Testimony concerning defendant's admission to the police was evidence tending to prove the charge and should have been introduced during the prosecution's case in chief. However, error in admission of this evidence was not so egregious as to require reversal. Defendant offered an explanation of the statements during his cross-examination. Evidence of other incriminating statements made by defendant to his wife had already been admitted. The evidence contested here did not introduce a new issue and, in view of the overwhelming evidence against defendant, this error does not justify reversal and was harmless beyond a reasonable doubt.

Defendant's final argument is that this case should be remanded for resentencing. The basis for this claim is defendant's assertion that the sentencing judge improperly penalized defendant for maintaining his innocence.

Defendant was sentenced on July 21, 1986, to a prison term of seventeen to fifty years on each of the four convictions, sentences to run concurrently. Defendant made several objections to the presentence report, including the statement in the report that defendant showed no remorse. The sentencing judge held that including this statement in the presentence report was appropriate, since "whether or not he expresses Remorese [sic] is certainly relevant."

The trial court then sentenced defendant, stating that it had had an opportunity to pass judgment on the testimony of the two victims and of the defendant and that defendant's story was beyond belief. The trial court concluded: "Consequently, I believe you perjured yourself on the witness stand."

In *People v Wesley,* 428 Mich 708, 711; 411 NW2d 159 (1987), two justices of the Supreme Court held:

> [W]hile a sentencing court cannot, in whole or in part, base its sentence on a defendant's refusal to admit guilt, *People v Yennior,* 399 Mich 892; 282 NW2d 920 (1977), evidence of a lack of remorse can be considered in determining an individual's potential for rehabilitation.

The facts in *Wesley* are very similar to those presented here. In *Wesley,* the defendant was a fifty-seven-year-old man who was convicted of one count of first-degree criminal sexual conduct with a seven-year-old girl. Defendant denied the offense and argued that his case should be remanded for resentencing because the trial court erred in considering defendant's refusal to admit guilt.

In the concurring opinion of Justice BRICKLEY in *Wesley* (concurring in the result of the case since he did not think the trial court relied on defendant's lack of remorse to support the sentence imposed), the conclusion was drawn that a distinction between a defendant's continued refusal to admit guilt and a lack of remorse was largely illusory. Justice LEVIN concurred with Justice BRICKLEY, and Justice CAVANAGH, writing separately, reached the same result, with Justice BOYLE concurring. These four opinions amount to an imprecision which affirms the Court of Appeals. Not resonantly perhaps, but that may come later.

We think that in a bench trial the judge's observation that defendant lied on the stand is so closely akin to an assessment of credibility that it is not tantamount to enhancing his sentence for refusal to admit guilt. Defense counsel at sentencing moved to strike the presentence reporter's observation that defendant showed no remorse. After arguments the court stated:

> I think that it's an appropriate comment for the Probation Officer to make in the Probation report. Obviously, I found the Defendant guilty after listening to all the testimony including his explanation from the witness stand. Having found him guilty, I think the question of whether or not he expresses remorse is certainly relevant. I will deny your motion with respect to that matter.

In passing sentence the court stated its belief as to the parameters of the crime and criminal as follows:

> I think you're a danger to the community. I think that you're an extreme danger because this kind of behavior is difficult to understand and I'm told difficult to cure. You have used subterfuge and you have exploited these two children. I consider you to be in the category of the most serious offender who is most likely to be a threat and for that reason, it is the sentence of this Court that you stand committed to the Michigan Department of Corrections to serve a term of not less than seventeen years minimum and a maximum term of not more than 50 years.

If the lead opinion in *Wesley* may be considered precedential, we believe it applicable here:

> If, however, the record shows that the court did no more than address the factor of remorsefulness

as it bore upon defendant's rehabilitation, then the court's reference to a defendant's persistent claim of innocence will not amount to error requiring reversal. [428 Mich 713.]

We therefore conclude that a defendant's lack of remorse may be considered by a court in imposing sentence. It is undeniable that when a defendant is remorseful it is urged in mitigation by him or on his behalf, and it is healthful to ventilate the process from both perspectives rather than to sanction the use in amelioration while condemning it in aggravation.

Affirmed.