PEOPLE v DUGGAN

Docket No. 55033. Submitted January 15, 1982,. at Detroit.—Decided
March 10, 1982. Leave to appeal applied for.

Michael P. Duggan was convicted of involuntary manslaughter in
Detroit Recorder's Court, Justin C. Ravitz, J. He appeals,
alleging that the trial court erred in convicting him of involun-
tary manslaughter without making a finding that he acted in a
grossly negligent manner. *Held:*

The defendant was convicted of involuntary manslaughter
committed by the aiming or pointing of a firearm intentionally
but without malice. The trier of fact need not find that the
defendant acted in a grossly negligent manner to convict the
defendant of this offense since gross negligence is not an
element of the offense. The legislative intent in enacting the
statute providing for this offense was to punish the intentional
pointing of a firearm which results in death even if the defen-
dant did not act in a grossly negligent manner.

Affirmed.

1. H<small>OMICIDE</small> — M<small>ANSLAUGHTER</small> — S<small>TATUTES</small>.

The elements of the offense of manslaughter committed by aim-
ing or pointing a firearm intentionally but without malice are:
(1) a death; (2) that the death was caused by an action of the
defendant; (3) that the defendant caused the death without
lawful justification or excuse; (4) that the death resulted from
the discharge of a firearm; (5) that at the time of such dis-
charge the defendant was pointing or aiming the firearm at the
decedent; and (6) that at the time of such discharge, the
defendant intended to point or aim the firearm at the decedent;
the only proof necessary to support such an offense is that the
defendant intentionally pointed the gun at the decedent and
that the decedent died as a result of the subsequent discharge
of the firearm; the prosecutor need not establish that the
defendant acted with gross negligence or wilful or wanton

R<small>EFERENCES FOR</small> P<small>OINTS IN</small> H<small>EADNOTES</small>
[1] 40 Am Jur 2d, Homicide §§ 94, 95.
[2] 40 Am Jur 2d, Homicide § 70.

conduct to support such a charge (MCL 750.329; MSA 28.561, CJI 16:4:06).

2. Homicide — Manslaughter — Involuntary Manslaughter.

The criminal offense of common-law involuntary manslaughter as codified requires a death caused by the defendant without legal justification or excuse while the defendant was acting in a grossly negligent manner or while he was committing an unlawful act which was inherently dangerous to human life, *i.e.,* an act which was grossly negligent of human life (MCL 750.321; MSA 28.553, CJI 16:4:03).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: Cynar, P.J., and M. J. Kelly and D. C. Riley, JJ.

Per Curiam. Defendant, Michael Patrick Duggan, was convicted of involuntary manslaughter, MCL 750.329; MSA 28.561. He was sentenced to a term of 5 to 15 years in prison with credit for 31 days. He appeals his conviction as of right.

On appeal, the defendant argues that the trial court committed error requiring reversal in convicting him of involuntary manslaughter without making a finding that he acted in a grossly negligent manner. We agree that the trial court did not make a finding of gross negligence. We disagree, however, with the defendant's assertion that this is a necessary element of the offense.

MCL 750.329; MSA 28.561 provides:

"Any person who shall wound, maim or injure any

other person by the discharge of any firearm, pointed or aimed, intentionally but without malice, at any such person, shall, if death ensue from such wounding, maiming or injury, be deemed guilty of the crime of manslaughter."

The elements of this offense are: (1) a death; (2) that the death was caused by an action of the defendant; (3) that the defendant caused the death without lawful justification or excuse; (4) that the death resulted from the discharge of a firearm; (5) that at the time of such discharge the defendant was pointing or aiming the firearm at the decedent; and (6) that at the time of such discharge, the defendant intended to point or aim the firearm at the decedent. CJI 16:4:06. These elements of this offense were adopted in *People v Doss,* 406 Mich 90, 98, fn 3; 276 NW2d 9 (1979). The only proof necessary to support a charge under MCL 750.329; MSA 28.561 is that the defendant intentionally pointed the gun at the decedent and that the decedent died as a result of the subsequent discharge of the firearm. *People v Germain,* 91 Mich App 154; 284 NW2d 260 (1979), *rev'd on other grounds* 411 Mich 858 (1981). Accord, *People v West,* 408 Mich 332; 291 NW2d 48 (1980).

We believe that requiring gross negligence or wilful or wanton conduct to support a charge under MCL 750.329; MSA 28.561, would make the offense redundant to involuntary manslaughter under MCL 750.321; MSA 28.553, the codification of common-law manslaughter. *People v Doss,* 78 Mich App 541, 549; 260 NW2d 880 (1977), *rev'd on other grounds* 406 Mich 90; 276 NW2d 9 (1979). Involuntary manslaughter under the statutory provision requires a death caused by the defendant without legal justification or excuse while the defendant was acting in a grossly negligent man-

ner or while he was committing an unlawful act which was inherently dangerous to human life, *i.e.,* an act which was grossly negligent of human life. CJI 16:4:03.

Defendant's interpretation of MCL 750.329; MSA 28.561 would make it indistinguishable from common-law manslaughter since it would require grossly negligent conduct. We believe that the legislative intent was to punish the intentional pointing of a firearm which results in death even if the defendant did not act in a grossly negligent manner. Therefore, we find that the trial court made sufficient findings of the necessary elements of the offense.

Affirmed.