## PEOPLE v CAVAIANI

Docket No. 101942. Submitted June 21, 1988, at Lansing. Decided November 7, 1988. Leave to appeal denied, 432 Mich —.

Alfred Cavaiani, a psychologist and family therapist, was charged in district court with knowingly failing to report suspected child sexual abuse. Defendant was told of the incidents by the victim and the perpetrator did not deny the incidents. The court refused defendant's motion to quash the complaint and warrant. The Oakland Circuit Court granted defendant leave to appeal and quashed the complaint and warrant, holding the reporting requirement of the Child Protection Law to be unconstitutionally overbroad and vague as applied to psychologists and therapists, Fred M. Mester, J. The people appeal by leave granted.

The Court of Appeals *held:*

1. The abuse reporting requirement section of the Child Protection Law is not unconstitutionally overbroad or vague.

2. The section of the Child Protection Law which abrogates all privileged communications except attorney and client communications does not unconstitutionally amend by implication the statute creating the psychologist-patient privilege.

3. The abuse reporting requirement of the Child Protection Law does not violate any party's Fourth or Fifth Amendment rights.

Reversed and remanded.

1. STATUTES — PRESUMPTIONS.

Legislative enactments are cloaked with a presumption of constitutionality; where a statutory provision would otherwise be unconstitutional, it is the court's duty to give the statute a narrow construction so as to render it constitutional if such a

REFERENCES

Am Jur 2d, Constitutional Law §§ 158 *et seq.,* 460, 461, 818.

Am Jur 2d, Infants §§ 14 *et seq.*

Am Jur 2d, Statutes § 346.

Supreme Court's views as to overbreadth of legislation in connection with First Amendment rights. 45 L Ed 2d 725.

Vagueness as invalidating statutes or ordinances dealing with disorderly persons or conduct. 12 ALR3d 1448.

construction is possible without doing violence to the Legislature's interest in enacting the statute.

2. CONSTITUTIONAL LAW — INFANTS.

The state has an interest in protecting the welfare of children and in seeing that they are safeguarded from abuses which might prevent their growth into free and independent well-developed citizens; the state has the constitutional power to regulate for the well-being of its children.

3. CONSTITUTIONAL LAW — STANDING — OVERBREADTH.

A person generally lacks standing to challenge overbreadth where his own conduct is clearly within the contemplation of the statute; this is so even where there is some marginal application which might infringe on First Amendment activities.

4. CONSTITUTIONAL LAW — VAGUENESS — STANDING.

A defendant has standing to raise a vagueness challenge to a statute only if the statute is vague as applied to his conduct; even though a statute may be susceptible to impermissible interpretations, reversal is not required where the statute can be narrowly construed so as to render it sufficiently definite to avoid vagueness and where defendant's conduct falls within that proscribed by the properly construed statute.

5. CONSTITUTIONAL LAW — VAGUENESS — STATUTES.

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law; a statute is not vague when the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises or even the words themselves, if they possess a common and generally accepted meaning.

6. STATUTES — AMENDMENT BY IMPLICATION — CONSTITUTIONAL LAW.

Amendment of statutes by implication is not constitutionally prohibited in every instance, e.g., where an act is complete within itself.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Mueckenheim & Mueckenheim, P.C.* (by *Robert C. Mueckenheim*), for defendant.

Amicus Curiae:

*James Gregart* (by *Jerrold Schrotenboer*), for Prosecuting Attorneys Association of Michigan.

*Tom Downs,* for Michigan Society for Psychoanalytic Psychology.

*Colleen V. Ronayne,* Guardian ad Litem.

Before: WAHLS, P.J., and HOOD and N. J. KAUFMAN,* JJ.

N. J. KAUFMAN, J. We granted the people leave to appeal from the circuit court's order declaring MCL 722.633(2); MSA 25.248(13)(2) unconstitutional and dismissing the complaint and warrant charging that defendant failed to report an instance of suspected child abuse, a misdemeanor.

Originally charged in the 52nd District Court with failing to report as required by § 3 of the Child Protection Law, MCL 722.623; MSA 25.248(3), defendant moved to quash the complaint and warrant on the grounds that the statute was unconstitutionally vague, overbroad, and that it violated Const 1963, art 4, § 25. After the district court denied defendant's motion, the Oakland Circuit Court granted defendant leave to appeal and reversed. In turn, this Court granted the people leave to appeal on February 11, 1988, and we reverse the order of the circuit court.

The victim's mother initiated family therapy with defendant after suspecting that her husband

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

had sexually molested their nine-year-old daughter. Defendant, a psychologist and family therapist, rendered therapy and treatment to the victim, the victim's mother and the victim's father.

During individual therapy sessions in early 1986, the victim told defendant about recurring incidents in which her father fondled her breasts. When defendant questioned the victim's father about these allegations at a therapy session, defendant claims that the victim's father made it clear to defendant that if he had touched the victim, such touchings were completely accidental and not done for the purpose of sexual arousal or gratification.

The victim herself later reported her father's conduct to a school counselor, who reported the incident to Protective Services. A petition based on the victim's allegations of sexual abuse was filed in the probate court. Contending that defendant had reasonable cause to suspect that the victim had been molested but had failed to report the suspected child abuse as required by MCL 722.623; MSA 25.248(3) of the Child Protection Law, the county prosecuting attorney's office brought the disputed misdemeanor charge of failure to report, MCL 722.633(2); MSA 25.248(13)(2), against defendant.

Section 3 of the Child Protection Law, MCL 722.623; MSA 25.248(3), requires that

> (1) A physician, coroner, dentist, medical examiner, nurse, a person licensed to provide emergency medical care, audiologist, psychologist, family therapist, certified social worker, social work technician, school administrator, school counselor or teacher, law enforcement officer, or duly regulated child care provider who has reasonable cause to suspect child abuse or neglect immediately, by telephone or otherwise, shall make . . . [a] report

. . . of the suspected child abuse or neglect to the department . . . .

(2) The . . . report shall contain the name of the child and a description of the abuse or neglect. If possible, the report shall contain the names and addresses of the child's parents, the child's guardian, the persons with whom the child resides, and the child's age. The report shall contain other information available to the reporting person which might establish the cause of the abuse or neglect and the manner in which the abuse or neglect occurred.

\* \* \*

(4) The . . . report required in this section shall be mailed or otherwise transmitted to the county department of social services of the county in which the child suspected of being abused or neglected is found.

(5) Upon receipt of a . . . report of suspected child abuse or neglect, the department may provide copies to the prosecuting attorney and the probate court of the counties where the child suspected of being abused or neglected resides and is found.

(6) If the report indicates a violation of section . . . 750.145c of the Michigan Compiled Laws, and the department believes that the report has basis in fact, the department shall transmit a copy of the . . . report to the prosecuting attorney of the counties in which the child resides and is found.

Section 3 of the Child Protection Law was amended by 1984 PA 418, § 1 to require psychologists and family therapists to report. Prior to March 29, 1985, the effective date of this amendment, practitioners such as defendant were under no statutorily imposed duty to report.

Section 13 of the Child Protection Law, MCL 722.633(2); MSA 25.248(13)(2), provides:

A person required to report an instance of sus-

pected child abuse or neglect who knowingly fails to do so is guilty of a misdemeanor.

Defendant first claims, as he did below, that the Child Protection Law, MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.*, is unconstitutionally overbroad because it violates defendant's First Amendment rights to associate in legal endeavors and invades the privacy of the family and those in association to cure private family problems. Defendant argues that there is no compelling state interest in "suspicious" behavior, whether or not the suspicion is reasonable.

Legislative enactments are cloaked with a presumption of constitutionality. Where a statutory provision would otherwise be unconstitutional, it is the Court's duty to give the statute a narrow construction so as to render it constitutional if such a construction is possible without doing violence to the Legislature's interest in enacting the statute. *People v O'Donnell,* 127 Mich App 749, 757; 339 NW2d 540 (1983).

The doctrine of overbreadth is primarily applied to First Amendment cases where an overbroad statute prohibits constitutionally protected conduct. *People v McCumby,* 130 Mich App 710, 714; 344 NW2d 338 (1983), lv den 419 Mich 911 (1984). A successful overbreadth challenge allows a person charged with violating a statute to escape punishment based on the First Amendment right of others impinged upon by the statute although under a narrower, properly drawn statute, his own behavior could be punished because it is not so protected.

However, not every First Amendment right supports an overbreadth challenge. *Woll v Attorney General,* 409 Mich 500, 534-535; 297 NW2d 578 (1980). The overbreadth of a statute must not only

be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep where conduct and not merely speech is involved. *Broadrick v Oklahoma*, 413 US 601, 614-615; 93 S Ct 2906; 37 L Ed 2d 830 (1973).

While § 3 does not prevent a psychologist or family therapist from treating those of his patients who have engaged in child abuse, there is little doubt that it places such a patient at greater risk that her or his misconduct will be discovered and prosecution will follow. In the context of a family, § 3 invades its privacy to the extent that the family members' collective desire to seek treatment for the offender and risk the continued abuse of the victim rather than initiating criminal proceedings may not be honored. However, we do not believe that this invasion constitutes a constitutionally impermissible violation of a family's First Amendment right of privacy. A family does not have a protected First Amendment right to undertake a course of action which may do little or nothing to protect the child victim from continued abuse.

The United States Supreme Court has long recognized that a state has an interest in protecting the welfare of children and in seeing that they are safeguarded from abuses which might prevent their growth into free and independent well-developed citizens. *Ginsberg v New York*, 390 US 629; 88 S Ct 1274; 20 L Ed 2d 195 (1968). Even assuming that the reporting requirement does invade the protected rights of defendant and his patients, the state has the constitutional power to regulate for the well-being of its children. 390 US 637-639.

We distinguish the cases cited by defendant in support of his overbreadth argument from the issue presented here. Rather, we find this case to be analogous to *Whalen v Roe*, 429 US 589; 97 S

Ct 869; 51 L Ed 2d 64 (1977), where physicians and patients challenged the constitutionality of New York statutes requiring that the state be provided with the names and addresses of all persons obtaining certain prescription drugs. The United States Supreme Court found that the statutes did not deprive individuals of their right to seek medical advice from their physician and obtain needed medication. Accordingly, the Court held that the patient-identification requirements did not invade any of the plaintiffs' constitutional rights or liberties.

Further, a person generally lacks standing to challenge overbreadth where his own conduct is clearly within the contemplation of the statute. This is so even where there is some marginal application which might infringe on First Amendment activities. *Parker v Levy,* 417 US 733; 94 S Ct 2547; 41 L Ed 2d 439 (1974). In this case, the victim told defendant, and the victim's father did not deny, that the abuse occurred. Therefore, defendant had more than a "reasonable suspicion" of its occurrence. The Legislature intentionally used "reasonable cause to suspect" as the threshhold for requiring a report in the belief that public policy is better served by investigating possibly unfounded reports of child abuse than by failing to investigate where abuse may prove to have occurred. Such an interpretation is consistent with the remedial history of the statute, which the Legislature amended to include psychologists and family therapists following the Attorney General's suggestion that these professionals were not covered by the terms of the original statute. See OAG 1979-1980, No 5815, p 1075.

Defendant next claims that the Child Protection Law is void for vagueness because it offers no reasonably precise standard to those charged with

adhering to or enforcing the law. Defendant contends that the phrase "reasonable cause to suspect" is not clearly defined and does not give him fair notice of what conduct the statute proscribes. A vagueness challenge must be examined in light of the facts at hand. *People v Harbour,* 76 Mich App 552, 558; 257 NW2d 165 (1977), lv den 402 Mich 832 (1977). A defendant has standing to raise a vagueness challenge to a statute only if the statute is vague as applied to his conduct. *People v Mitchell,* 131 Mich App 69, 74; 345 NW2d 611 (1983). Even though a statute may be susceptible to impermissible interpretations, reversal is not required where the statute can be narrowly construed so as to render it sufficiently definite to avoid vagueness and where defendant's conduct falls within that prescribed by the properly construed statute. *Harbour, supra.*

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *People v Gilliam,* 108 Mich App 695, 699; 310 NW2d 843 (1981); *People v Herron,* 68 Mich App 381, 382; 242 NW2d 584 (1976). However, a statute is not vague when the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises or even the words themselves, if they possess a common and generally accepted meaning. *McCumby,* 714.

We find that the words "reasonable cause to suspect" speak for themselves and provide fair notice of the conduct expected in reporting suspected child abuse. Based upon the fact that defendant was told by his patient, the victim, that her

father was fondling her breasts, the § 3 reporting provisions are not vague.

In this case, the circuit court suggested that defendant, in the course of exercising professional judgment, might have concluded that the information supplied to him indicating that the victim was being abused was inaccurate or some kind of fantasy. That hardly makes the statute vague or overbroad. Defendant had reasonable suspicion of child abuse, but concluded that his suspicions were not factually founded. With respect to defendant's legal obligations under § 3, it was not for him to make this determination, but for the responsible investigative agencies, such as the Department of Social Services, to make. While defendant is free to decide that the victim's allegations are untrue for purposes of rendering professional treatment, he is not free to arrogate to himself the right to foreclose the possibility of a legal investigation by the state. The state has different interests, and its sovereignty is offended by child abuse.

Defendant next contends that § 11 of the Child Protection Law, MCL 722.631; MSA 25.248(11), which abrogates all legally recognized privileged communication except that between attorney and client for purposes of reports required to be made, or the admission of evidence in a civil child protection proceeding resulting from such a report, also amends by implication the psychologist-patient privilege, MCL 330.1750; MSA 14.800(750), in violation of our Michigan Constitution, Const 1963, art 4, § 25. This claim is without merit. Amendment by implication is not constitutionally prohibited in every instance, e.g., where, as here, an act is complete within itself. *People v Stimer*, 248 Mich 272, 292-293; 226 NW 899 (1929); *Wayne Co Prosecutor v Recorder's Court Judge*, 92 Mich App

433, 444; 285 NW2d 318 (1979), lv den 408 Mich 905 (1980).

Defendant's last claim is that the Child Protection Law is unconstitutional because it violates his Fourth Amendment and Fifth Amendment rights, as well as those of his patients.

The first prong of this argument is that defendant and his clients have a Fourth Amendment right to privacy from unreasonable seizure of oral evidence, citing *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967). However, this case is readily distinguishable from *Katz;* here, no governmental eavesdropping or intrusion or electronic surveillance was involved.

With regard to the second prong of the argument, we find the defendant has no standing to assert a Fifth Amendment privilege. *United States v Goldfarb,* 328 F2d 280, 281-282 (CA 6, 1964), cert den 377 US 976; 84 S Ct 1883; 12 L Ed 2d 746 (1964); *Paramount Pictures Corp v Miskinis,* 418 Mich 708, 715; 344 NW2d 788 (1984); *In re Moser,* 138 Mich 302, 305; 101 NW 588 (1904). Moreover, defendant is not an agent of the government, therefore any information a patient chooses to divulge to him is not protected by the Fifth Amendment.

We are concerned with the difficulty pointed out by the circuit court of child abusers in need of psychological counseling who are dissuaded by the § 3 reporting provisions from obtaining unfettered access to psychiatric services due to the risk of prosecution for any abuse they have perpetrated. However, as noted by the United States Supreme Court in *Colorado v Connelly,* 479 US —; 107 S Ct 515; 93 L Ed 2d 473 (1986), the difficulty in analyzing this problem under the Fifth Amendment is that this approach fails to recognize the essential

link between coercive activity of the state on the one hand and a resulting confession by a defendant on the other hand. In this regard, the *Connelly* Court held that the flaw in this constitutional argument is that it would expand the previous line of voluntariness cases into a far ranging requirement that courts must devine a defendant's motivation for speaking or acting as he did even though there is no claim that governmental conduct coerced his decision. 479 US —.

We congratulate the parties and amicus curiae on their excellent briefs.

Reversed and remanded.