PEOPLE v STEELE

Docket No. 101866. Submitted September 9, 1988, at Lansing. Decided December 6, 1988.

Raymond A. Steele was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny and attempted larceny in a building, Isabella Circuit Court, Paul F. O'Connell, J. Defendant appealed, alleging error in the trial court's imposing sentence on the basis of the victim's impact statements, departing from the sentencing guidelines and taking defendant's lack of remorse into account in imposing sentence.

The Court of Appeals *held:*

1. A victim of a crime has a right to make a statement to the court sentencing the perpetrator explaining the harm suffered and recommending a sentence.

2. Departures from the sentencing guidelines are permitted as long as the trial court articulated proper reasons for its deviation on the record.

3. A defendant's lack of remorse may be considered by a trial court in imposing sentence.

Affirmed.

1. CRIMINAL LAW — SENTENCING — VICTIM'S RIGHTS — IMPACT STATEMENTS.

A victim of a crime has a right to make a statement to the court sentencing the perpetrator explaining the harm suffered and recommending a sentence (MCL 780.763[3], 780.765; MSA 28.1287[763][3], 28.1287[765]).

2. CRIMINAL LAW — SENTENCING GUIDELINES.

Departures from the sentencing guidelines are permitted as long as the trial court articulated proper reasons for its deviation on the record.

REFERENCES

Am Jur 2d, Criminal Law §§ 535 *et seq.,* 598, 599.

Emotional manifestations by victim or family of victim during criminal trial as ground for reversal, new trial, or mistrial. 31 ALR4th 229.

3. CRIMINAL LAW — SENTENCING — REMORSE.

    A defendant's lack of remorse may be considered by a trial court in imposing sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Deborah K. Canja,* Assistant Prosecuting Attorney, for the people.

*Nancy A. Dady,* for defendant on appeal.

Before: CYNAR, P.J., and SHEPHERD and DOCTOROFF, JJ.

PER CURIAM. Defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and attempted larceny in a building, MCL 750.92; MSA 28.287; MCL 750.360; MSA 28.592. In exchange for the pleas, the attempted larceny in a building charge was reduced from a separate charge of breaking and entering an occupied dwelling with intent to commit larceny and a charge of unlawfully driving away an automobile was dismissed. Additionally, the prosecutor agreed not to proceed against defendant as an habitual offender. The sentencing guideline range for the breaking and entering offense was twelve to thirty months. Defendant was sentenced to concurrent prison terms of ten to fifteen years for breaking and entering and sixteen to twenty-four months for attempted larceny. Defendant appeals as of right only from his sentence for the breaking and entering offense. We affirm.

    In support of his guilty pleas, defendant stated that he broke and entered two separate homes on May 1, 1986, at about 3:00 A.M. At one home, defendant took some money from a wallet while the victims were asleep. At the other home, defen-

dant was searching for money throughout the house when a man discovered defendant and chased him out of the house. Defendant was on probation at the time of the instant offenses. Defendant had been placed on probation for three years, on March 14, 1986, for attempted unlawfully driving away an automobile.

On appeal, defendant first argues that the trial court erred in imposing sentence on the basis of a victim's oral and written impact statements. Defendant maintains that the trial court was unduly swayed by the victim's emotional comments at sentencing. We disagree.

The Crime Victim's Rights Act, MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.*, affords a victim the right to submit impact statements into the presentence investigation report and at sentencing.

MCL 780.764; MSA 28.1287(764) provides:

The victim has the right to submit or make a written or oral impact statement to the probation officer for use by that officer in preparing a presentence investigation report concerning the defendant pursuant to section 14 of chapter XI of the code of criminal procedure, Act No. 175 of the Public Acts of 1927, being section 771.14 of the Michigan Compiled Laws. A victim's written statement shall, upon the victim's request, be included in the presentence investigation report.

MCL 780.765; MSA 28.1287(765) provides:

The victim shall have the right to appear and make an oral impact statement at the sentencing of the defendant.

Pursuant to MCL 780.763(3); MSA 28.1287(763)(3), the victim's impact statement may include:

(a) An explanation of the nature and extent of any physical, psychological, or emotional harm or trauma suffered by the victim.

(b) An explanation of the extent of any economic loss or property damage suffered by the victim.

(c) An opinion of the need for and extent of restitution and whether the victim has applied for or received compensation for loss or damage.

(d) The victim's recommendation for an appropriate sentence.

In the instant case, one of the victims, Nancy Benaske, submitted a written impact statement and made an oral impact statement at the time of sentencing. Although Mrs. Benaske's impact statements tended to be emotional, we find that her statements were within her statutorily permitted rights and that the trial court did not improperly consider her statements. Furthermore, we note that defendant and defense counsel did not object to the victim's written and oral impact statements at the sentencing hearing even though they were given an opportunity to do so. In fact, defendant actually thanked the trial court for allowing Mrs. Benaske to appear and make her statement. Accordingly, based on our review of the record, we find no error.

Defendant next argues that the trial court abused its discretion by imposing a sentence that greatly exceeded the sentencing guidelines. We disagree.

Departures from the sentencing guidelines are permitted as long as the trial court articulated proper reasons for its deviation on the record. *People v Clark,* 147 Mich App 237, 239-240; 382 NW2d 759 (1985), lv den 425 Mich 858 (1986). In the present case, the trial court properly took into account the factors of punishment, protection of society, rehabilitation, and deterrence in imposing

sentence. *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972). Additionally, the trial court specifically articulated defendant's criminal record, the harm to the victims, and one of defendant's statements in the presentence report as its reasons for departing from the guidelines.

We find that the trial court did not abuse its discretion in sentencing to the extent that it shocks the conscience of this Court. *People v Coles,* 417 Mich 523 ; 339 NW2d 440 (1983). Our examination of the record reveals that defendant had an extensive juvenile record and failed to cooperate with the juvenile court system. Additionally, defendant had been convicted of one previous felony in the trial court and had been on probation for only six weeks at the time he committed the instant offenses. Thus, as the trial court noted, defendant had shown no indication that he intended to change his pattern of continually violating the law.

Defendant lastly argues that the trial court erred in taking into account a perceived lack of remorse by defendant in imposing sentence. Defendant refers to the trial court's perception of one of defendant's statements in the presentence report in which defendant stated that he had not given the charged incident much thought. However, it is permissible to infer a defendant's lack of remorse from statements contained in presentence reports. *People v Wesley,* 428 Mich 708, 714; 411 NW2d 159 (1987). Furthermore, a defendant's lack of remorse may be considered by a court in imposing sentence. *People v Calabro,* 166 Mich App 389, 396; 419 NW2d 791 (1988). Additionally, evidence of a lack of remorse can be considered in determining an individual's potential for rehabilitation. *Wesley, supra,* p 711. Therefore, we find no error.

Affirmed.