PEOPLE v JOHNSON

Docket No. 106176. Submitted November 9, 1988, at Detroit. Decided
December 19, 1988.

Dwight A. Johnson was convicted, on his plea of guilty, of four
counts of armed robbery, one count of assault with intent to
commit robbery while armed and, on his plea of nolo conten-
dere, of four counts of first-degree criminal sexual conduct and
two counts of second-degree criminal sexual conduct, Recorders
Court of Detroit, Dominick R. Carnovale, J. The court denied
his motion for resentencing. Defendant appealed.

The Court of Appeals *held:*

1. Failure to file a transcript of the hearing on the motion for
resentencing constitutes abandonment of that as an issue on
appeal.

2. Resentencing was not required in any event.

Affirmed.

1. APPEAL — PRESERVING QUESTION — TRANSCRIPTS.

The Court of Appeals may consider an issue abandoned on appeal
where an appellant fails to provide the Court with a transcript
of all proceedings necessary to aid in a review of the alleged
error.

2. CRIMINAL LAW — SENTENCING GUIDELINES.

The use of the sentencing guidelines when imposing a sentence
for an offense included in the guidelines is mandatory, but
imposing a sentence based on the recommended ranges of the
sentences is not; a judge may depart from the recommended
minimum range for the reasons, and in the manner, prescribed
by the guidelines (Administrative Order No. 1984-1, 418 Mich
lxxx).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Appeal and Error § 914.

Am Jur 2d, Criminal Law §§ 595 *et seq.*

See the Index to Annotations under Appeal and Error; Sentence
and Punishment.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Robert M. Morgan,* for defendant on appeal.

Before: CYNAR, P.J., and HOOD and MURPHY, JJ.

CYNAR, P.J. On June 19, 1987, defendant pled guilty to four counts of armed robbery, MCL 750.529; MSA 28.797, and one count of assault with intent to commit robbery while being armed, MCL 750.89; MSA 28.284. Defendant also pled nolo contendere to four counts of criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), and nolo contendere to two counts of criminal sexual conduct in the second degree, MCL 750.520c; MSA 28.788(3). On July 7, 1987, defendant was sentenced to 12½ to 25 years on each of the four armed robbery convictions, as well as the four first-degree criminal sexual conduct convictions and the assault with intent to commit robbery conviction. He was also sentenced to a term of ten to fifteen years on each count of second-degree criminal sexual conduct. All of the sentences were imposed to run concurrently. Thereafter, defendant's motion for resentencing was heard and denied on January 8, 1988. Defendant appeals as of right. We affirm.

Defendant argues that the trial court erred by denying his motion for resentencing. However, defendant has not provided this Court with a transcript of the resentencing hearing. Defendant had the responsibility to file the full transcript of the hearing or provide a settled statement of facts. MCR 7.210(B)(1)(a). Accordingly, we consider this issue abandoned on appeal. *People v Kelly,* 122 Mich App 427, 429-430; 333 NW2d 68 (1983).

Additionally, our review of the record indicates that defendant's claim of error is without merit. In the motion for resentencing, defendant argued that the court did not articulate adequate reasons for imposing sentences which exceeded the guideline range. Defendant contends that, by considering the devastation to the community by the series of assaults committed by the defendant and by noting that eleven separate criminal convictions were involved, the sentencing court improperly considered factors already taken into account under the guidelines. This argument is rejected. *People v Hatch,* 156 Mich App 265, 268-269; 401 NW2d 344 (1986); *People v Diamond,* 144 Mich App 787, 789; 376 NW2d 192 (1985), lv den 424 Mich 894 (1986); *People v Ridley,* 142 Mich App 129, 134; 369 NW2d 274 (1985).

In *Williams v New York,* 337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1949), the United States Supreme Court reviewed the past as well as the existing objectives of criminal law in imposing sentences. In footnote 13, 337 US 248, the *Williams* opinion makes reference to a writing by a trial judge as to factors that a judge should consider in imposing sentence. Such factors are:

> 1st. The protection of society against wrong-doers.
> 2nd. The punishment—or much better—the discipline of the wrong-doer.
> 3rd. The reformation and rehabilitation of the wrong-doer.
> 4th. The deterrence of others from the commission of like offenses.

The footnote further states:

> It should be obvious that a proper dealing with these factors involves a study of each case upon an

individual basis. Was the crime a crime against property only, or did it involve danger to human life? Was it a crime of sudden passion or was it studied and deliberate? Is the criminal a man so constituted and so habituated to war upon society that there is little or no real hope that he ever can be anything other than a menace to society—or is he obviously amenable to reformation?

In *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972), our Supreme Court observed that, in *Williams v New York, supra,* "certain basic considerations were found to be proper in determining an appropriate sentence: (a) the reformation of the offender, (b) protection of society, (c) the disciplining of the wrongdoer, and (d) the deterrence of others from committing like offenses."

While recognizing the consideration of factors (a), (b), (c) and (d) to be proper, *People v Snow, supra,* does not limit the trial judge in imposing an appropriate sentence to only consider those factors. Furthermore, failure to note all four of the factors does not destroy the propriety of the sentencing court's rationale. *People v Girardin,* 165 Mich App 264, 267-268; 418 NW2d 453 (1987).

The use of the sentencing guidelines is mandated by administrative order of the Michigan Supreme Court. Administrative Order No. 1984-1, 418 Mich lxxx. While use of the guidelines is mandatory, the sentencing judge has the discretion to depart from the guidelines provided that sufficient reasons are stated supporting departure. *People v Terry James,* 142 Mich App 19, 21; 368 NW2d 892 (1985).

Defendant further complains that he is not receiving psychiatric treatment as recommended by the sentencing judge. While such a complaint may be a matter which might be taken up with the Department of Corrections, it does not support

defendant's claim that the trial court erred in failing to grant the motion for resentencing.

Affirmed.

MURPHY, J., concurred in the result only.