PEOPLE v KHOURY

Docket No. 97912. Submitted November 15, 1988, at Detroit. Decided
    December 4, 1989. Leave to appeal applied for.

    Jim W. Khoury, a Romulus police officer, was dispatched in a
    marked patrol car to the scene of an altercation between two
    men, one of whom was armed with a knife. Once at the scene,
    Khoury approached the knife-wielding man from behind and
    eventually touched the man's head with his gun. The gun fired,
    fatally injuring the man. Khoury was charged in Wayne Cir-
    cuit Court with common-law manslaughter; involuntary man-
    slaughter, i.e., death from a firearm pointed intentionally but
    without malice; and possession of a firearm during the commis-
    sion of a felony. The trial court issued an order quashing the
    involuntary manslaughter and felony-firearm charges. The
    Court of Appeals, on interlocutory appeal by the people, re-
    versed the trial court in an order issued April 7, 1986 (Docket
    No. 91090). Following a bench trial, defendant was convicted of
    involuntary manslaughter and felony-firearm. The trial court,
    William J. Giovan, J., sentenced defendant to 1½ to 15 years of
    imprisonment for the manslaughter conviction and a consecu-
    tive two-year prison term for felony-firearm. The trial court
    also denied defendant's motion for a new trial or dismissal of
    the charges. Defendant appealed.

    The Court of Appeals *held:*

    1. To support a conviction for involuntary manslaughter, the
    prosecution must show that the defendant intentionally pointed
    a firearm at the decedent, and that the decedent died as a
    result of the subsequent discharge of the firearm. Here, the
    record indicates sufficient evidence that decedent's death re-
    sulted without lawful excuse such as self-defense or defense of
    the other fight participant.

    2. The trial court's enunciated findings of fact with respect to
    its rejection of defendant's claim of self-defense indicates that

REFERENCES

Am Jur 2d, Appeal and Error §§ 821, 828; Criminal Law §§ 525 *et
    seq.*; Homicide §§ 70, 134-137; Statutes § 346; Weapons and Fire-
    arms §§ 7, 15, 29.

See the Index to Annotations under Homicide; Involuntary Man-
    slaughter; Self-Defense; Weapons and Firearms.

the court used the proper legal standard in assessing the claim of self-defense, viz., one who claims self-defense must have reasonably and honestly believed himself to be in great danger and that his response was necessary to save himself.

3. Defendant's claim that the felony-firearm statute was not intended to apply to an on-duty police officer such as himself was rejected by the Court of Appeals in the prior appeal in this case. The doctrine of law of the case prevents a review of that claim in this appeal.

4. The felony-firearm statute, as applied to defendant, is not void for vagueness. Defendant had fair notice of the conduct proscribed under the statute, and the statute does not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense was committed.

5. There are no public policy considerations which dictate that defendant should not be held criminally responsible for his conduct.

6. In determining defendant's sentence, it was not improper for the trial court to consider retribution as a factor.

Affirmed.

T. M. BURNS, J., dissented and would reverse defendant's convictions, opining that the prosecution needed to prove, but did not, that defendant caused the decedent's death without lawful justification or excuse.

1. HOMICIDE — INVOLUNTARY MANSLAUGHTER.

The prosecution, to support a conviction for manslaughter committed by aiming or pointing a firearm intentionally but without malice, must show that the defendant intentionally pointed a firearm at the decedent and that the decedent died as a result of the subsequent discharge of the firearm (MCL 750.329; MSA 28.561).

2. HOMICIDE — SELF-DEFENSE.

A police officer, like a private citizen, who claims self-defense must have reasonably and honestly believed himself to be in great danger and that his response was necessary to save himself.

3. APPEAL — LAW OF THE CASE.

A question of law decided by an appellate court will not be decided differently on a subsequent appeal in the same case where the facts remain materially the same.

4. CRIMINAL LAW — FELONY-FIREARM — INVOLUNTARY MANSLAUGHTER.

The statute which proscribes the possession of a firearm in the

commission of a felony is not void for vagueness when applied to a police officer charged with manslaughter committed by aiming or pointing a firearm intentionally but without malice; the felony-firearm statute, as applied to such a police officer, provides fair notice of the conduct proscribed and does not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense was committed (MCL 750.227b, 750.329; MSA 28.424[2], 28.561).

5. CRIMINAL LAW — SENTENCING.

The assuagement of the legitimate indignation of the crime victim, his relatives and friends, and the community is a proper consideration at sentencing.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of the Criminal Division, Research, Training and Appeals, and *Don W. Atkins*, Principal Attorney, Appeals, for the people.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Kathleen McCree Lewis* and *Glenn A. Jackson*), for defendant.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and T. M. BURNS,* JJ.

HOLBROOK, JR., P.J. Defendant appeals as of right his June 2, 1986, bench trial conviction of statutory manslaughter, i.e., death from a firearm pointed intentionally but without malice, MCL 750.329; MSA 28.561, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The trial court denied defendant's motion for a new trial or dismissal of the charges on January 21, 1987. We affirm.

On June 27, 1985, at about 7:30 P.M., defendant, an on-duty uniformed Romulus police officer, was

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

dispatched in a marked police car to an apartment complex at which a fight was reported in progress, possibly involving knives and baseball bats. The trial testimony of more than a dozen eyewitnesses varied concerning the particulars leading to defendant's shooting James Hester, one of the fight participants, in the head.

When defendant arrived, Hester and Marvin Boyd were fighting, facing each other. Defendant took out a gun and approached Hester from behind and to the left. Hester showed no awareness of defendant's presence. Two witnesses testified that defendant cocked the gun, then touched Hester's temple with the gun. When Hester moved his head and upper body away from defendant, the gun discharged. Most witnesses agree that Hester was holding a knife when he was shot, although testimony varied regarding the position in which Hester was holding it. Defendant, on the other hand, testified that he never cocked the gun or touched Hester's head with it. Contrary to the testimony of several witnesses, defendant claimed that he yelled "Break it up" at Hester and Boyd several times while approaching them. When Hester pulled a knife, defendant got out his gun. Ignoring defendant's repeated request to put the knife down, Hester swung the knife up. Defendant thought Hester was going to stab Boyd, but Hester swung at defendant and as defendant pulled his arm back, Hester hit defendant's left arm with his wrist. Defendant's gun accidentally fired in his other hand.

Originally charged with second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2), defendant was bound over to circuit court on the lesser offenses of manslaughter, death by firearm pointed intentionally, MCL 750.329; MSA 28.561, and common-law

manslaughter, MCL 750.321; MSA 28.553, as well as felony-firearm. The circuit court subsequently quashed the common-law manslaughter and felony-firearm charges. In an interlocutory appeal, this Court reversed that portion of the trial court's pretrial order which quashed the felony-firearm charge, unpublished order of April 7, 1986 (Docket No. 91090).

On appeal, defendant first claims that the prosecution presented insufficient evidence to support the involuntary manslaughter conviction, citing *People v Morrin,* 31 Mich App 301, 310; 187 NW2d 434 (1971). Defendant contends that there was insufficient evidence that Hester's death resulted without lawful justification (self-defense or defense of Boyd) or excuse (accident), the third element of the crime charged. See *People v Duggan,* 115 Mich App 269, 271; 320 NW2d 241 (1982), lv den 417 Mich 857 (1983). As noted by the *Duggan* Court, to support a conviction under MCL 750.329; MSA 28.561 it is necessary only that the prosecution show that defendant intentionally pointed a firearm at decedent and that decedent died as a result of the subsequent discharge of the firearm.

Here, defendant admitted that he aimed the gun at Hester's head, and has never claimed that the *pointing* of the gun at Hester was other than intentional. Viewed in a light most favorable to the prosecution, the prosecution introduced evidence sufficient to justify a rational trier of fact in finding that Hester's death resulted without lawful excuse.[1]

---

[1] *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980); *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985); *People v Daniels,* 172 Mich App 374, 378; 431 NW2d 846 (1988). We will apply the same standard to defendant's claim that the prosecution failed to introduce evidence sufficient to prove that defendant did not act in self-defense. *People v Jackson,* 390 Mich 621, 626; 212 NW2d 918 (1973); *People v Bell,* 155 Mich App 408, 414; 399 NW2d 542 (1986).

Concerning whether sufficient evidence was produced to show that defendant did not act in self-defense, we note that in *People v Doss,* 406 Mich 90, 102-103; 276 NW2d 9 (1979), our Supreme Court said that a police officer, like a private citizen, who claims self-defense must have reasonably and honestly believed himself to be in great danger and that his response was necessary to save himself. See also *People v Garfield,* 166 Mich App 66, 78-79; 420 NW2d 124 (1988). Viewing the evidence in a light most favorable to the prosecution, a reasonable factfinder could have concluded that, whether or not defendant's belief was honest, defendant did not reasonably believe that he was in great danger from Hester. This is so because most prosecution witnesses testified that Hester never looked at defendant or was aware of defendant's presence. The same may be said of defendant's professed belief that Boyd was in danger from Hester. Testimony was presented showing that Hester held the knife in a defensive rather than an attack position, and that Hester did not go after Boyd in any way.

Defendant also takes issue with the following findings of fact:

> Was he a threat to Mr. Boyd at that point? Well, I guess in one sense he was. He had a weapon displayed. But to invoke the defense of self, *the threat must have been an immediate one* so that *to a person observing,* even if that were not the fact, that the use of deadly force would have appeared to have been immediately necessary in order to prevent force of like character, deadly force to be used against another. [Emphasis added.]

Defendant contends that these findings show that the trial court applied the wrong legal standard in

judging self-defense, first, by failing to analyze the circumstances surrounding the shooting as they appeared to defendant. We find that the trial court's reference to "a person observing" was merely a passing reference to the reasonableness standard set forth in *Doss, supra.* Second, defendant claims that these findings demonstrate that the trial court improperly required that defendant's response to Hester's actions be "immediately necessary" to justify self-defense. We note that our Supreme Court has held it erroneous to confine self-defense to the apprehension of immediate danger to life. See *Brownell v People,* 38 Mich 732, 738 (1878). However, in *Pond v People,* 8 Mich 150, 173-174 (1860), a case relied upon by defendant, our Supreme Court applied an "imminent danger" test.[2] As in *Pond,* the focus of the trial court's inquiry in the comments quoted above was not on the imminence or the immediacy of the danger Hester posed to Boyd, but rather the reasonableness of defendant's claimed belief that Hester posed a danger to Boyd. Examined in context, the trial court's comments do not demonstrate a misapplication of the law. *People v Melvin Davis,* 146 Mich App 537, 549-550; 381 NW2d 759 (1985).

We next consider defendant's claims that the felony-firearm statute, MCL 750.227b; MSA 28.424(2), was not intended to apply to on-duty police officers, and is void for vagueness under both the federal and Michigan constitutions.[3] With regard to the first of these claims, we note that the issue was decided in defendant's earlier appeal in this case. A question of law decided by an appel-

---

[2] In *People v Lenkevich,* 394 Mich 117, 124; 229 NW2d 298 (1975), our Supreme Court held that the defendant had the right of self-defense where circumstances caused her "reasonably to believe that there was a present and impending necessity" to act in order to prevent the infliction of great bodily harm.

[3] US Const, Am XIV; Const 1963, art 1, § 17.

late court may not be decided differently in a subsequent appeal in the same case where the facts have not materially changed. *Johnson v White,* 430 Mich 47; 420 NW2d 87 (1988); *Muilenberg v The Upjohn Co,* 169 Mich App 636, 640-641; 426 NW2d 767 (1988). Therefore, the doctrine of the law of the case prevents our review of the issue. With regard to the second of these claims, defendant cites *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976), and challenges the felony-firearm statute on the first two "vagueness" grounds there enumerated: (1) the statute does not provide fair notice of the conduct proscribed; and (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense was committed. Specifically, defendant claims that he was denied notice because he could not learn that he had violated the felony-firearm statute until the prosecution assessed his defenses and the trier of fact judged them with regard to the underlying manslaughter charge. As a result, his ability to avoid violating the statute was curtailed. We disagree.

A vagueness challenge must be examined in light of the facts at hand. *People v Cavaiani,* 172 Mich App 706, 714; 432 NW2d 409 (1988). Here, defendant was in possession of a firearm at the time he committed the felony of manslaughter. Had he refrained from pointing his gun at Hester's head, defendant could have avoided violating the manslaughter statute. Once having done that act, however, and the trial judge having found that Hester's resulting death was neither justified nor excusable, the judge was required to consider whether defendant possessed a firearm during the commission of a felony. This requirement does not confer unlimited discretion. Under the facts of this case, the felony-firearm statute provides fair notice

of proscribed conduct and does not confer unfettered and unlimited discretion on the trial judge to decide whether defendant committed an offense. See, e.g., *People v Jackson,* 94 Mich App 24, 26-27; 287 NW2d 357 (1979). In reality, the thrust of defendant's argument appears to be taking greater issue with the manslaughter statute than with the felony-firearm statute.

Defendant also contends that public policy requires reversal of defendant's convictions, and cites in support civil cases involving the definition and applicability of governmental immunity to the use of deadly force by police officers. We disagree. We know of no public policy consideration that would justify granting police officers immunity from criminal prosecution for their criminal acts. The fact that the Legislature has determined that there are such policy considerations to support the grant of immunity from civil liability to police officers for their actions under some circumstances is not persuasive. At such time as the Legislature deems it advisable, the Legislature will doubtless enact similar measures with regard to the criminal prosecution of police officers for actions arising in the course of their duties.

We next consider defendant's contentions that the trial court impermissibly considered providing retribution to the victim's family in sentencing defendant.[4] We first note that the trial judge based his sentencing on each of the four factors specifically enumerated in *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). The trial judge went on to say that the most significant sentencing criterion in this case was not specifically named in

---

[4] Defendant was sentenced to 1½ to 15 years of imprisonment for the manslaughter conviction and two years for the felony-firearm conviction, to be served consecutively. The sentence for manslaughter fell within the guidelines range of zero to thirty-six months.

*Coles,* and called it "the assuasion [sic] of the legitimate indignation of the victim, his relatives, and friends and community."

The *Coles* factors are not exhaustive. *Id.; People v Johnson,* 173 Mich App 706, 709; 434 NW2d 218 (1988). Another panel of this Court discussed this same factor in *People v Smith,* 152 Mich App 756, 765; 394 NW2d 94 (1986), lv den 426 Mich 877 (1986). The *Smith* Court held that the four enumerated *Coles* factors plus the factor in dispute here supported a departure from the guidelines' minimum sentence range.[5] See also *People v Girardin,* 165 Mich App 264, 266-267; 418 NW2d 453 (1987), and *People v Steele,* 173 Mich App 502, 504-505; 434 NW2d 175 (1988), where this Court held that the effect of the crime on the victim may properly be considered in sentencing.

Further the sentence imposed does not shock our conscience. *Coles, supra; People v Badour,* 167 Mich App 186, 198; 421 NW2d 624 (1988).

Finally, we decline to address defendant's claim that the trial court abused its discretion by refusing to take additional testimony, and that defendant was entitled to a new trial, in light of Boyd's allegations in a civil suit filed against defendant and others after defendant was convicted. These claims are made in a footnote contained in defendant's original brief on appeal, and are accompanied by no citation to authority. Therefore, defendant has failed to preserve the issue. *People v Daniels,* 172 Mich App 374, 378; 431 NW2d 846 (1988).

Affirmed.

MICHAEL J. KELLY, J., concurred.

---

[5] The *Smith* case was before this Court on appeal from the judgment of sentence of the same trial judge who sentenced defendant in the instant case.

T. M. Burns, J. *(dissenting).* I respectfully dissent.

In order to convict defendant of statutory manslaughter, the prosecutor was required to prove the following elements:

> (1) a death; (2) that the death was caused by an action of the defendant; (3) that the defendant caused the death without lawful justification or excuse; (4) that the death resulted from the discharge of a firearm; (5) that at the time of such discharge the defendant was pointing or aiming the firearm at the decedent; and (6) that at the time of such discharge, the defendant intended to point or aim the firearm at the decedent. [*People v Duggan,* 115 Mich App 269, 271; 320 NW2d 241 (1982), lv den 417 Mich 857 (1983).]

When viewed in a light most favorable to the prosecution, the evidence was insufficient to show that defendant did not act in self-defense. See *People v Jackson,* 390 Mich 621, 626; 212 NW2d 918 (1973); *People v Bell,* 155 Mich App 408, 414; 399 NW2d 542 (1986). Thus, a rational trier of fact could not have found that Hester's death resulted without justification or lawful excuse. See *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985).

A defendant has the right of self-defense where circumstances cause him to reasonably believe that there was a present and impending necessity to act in order to prevent the infliction of great bodily harm. *People v Lenkevich,* 394 Mich 117, 124; 229 NW2d 298 (1975). Our Supreme Court has said that a police officer, like a private citizen, who claims self-defense must have reasonably and honestly believed himself to be in great danger and that his response was necessary to save himself. *People v Doss,* 406 Mich 90, 102-103; 276 NW2d 9

(1979). See also *People v Garfield,* 166 Mich App 66, 78-79; 420 NW2d 124 (1988). Viewing the evidence in a light most favorable to the prosecution, no reasonable factfinder could have concluded that defendant did not honestly and reasonably believe that he or Boyd was in great danger from Hester. Defendant was attempting to intervene in what appeared to be an intensely volatile confrontation between two men, one of them armed with a knife, amid a sea of onlookers. I do not necessarily condone the method by which defendant undertook his law enforcement duties on this occasion. Nevertheless, having set upon his course as a police officer to defuse the tension and attendant danger, I do not intend to convey to such a defendant that, in hindsight, fear for his own safety and that of others was either dishonest or unreasonable.

Further, given the circumstances surrounding this homicide, I cannot say that the prosecution proved that defendant was criminally negligent. The evidence showed only that defendant's approach to these combatants demonstrated poor judgment. As noted by defendant, criminal negligence is more than ordinary negligence or a mere error in judgment. *People v Morrin,* 31 Mich App 301, 310; 187 NW2d 434 (1971); 1 Wharton's Criminal Law & Procedure, §§ 290, 291, pp 610, 612.

I would find that the prosecution did not carry its burden of proof with regard to the third element of statutory manslaughter and would reverse this conviction. Because no underlying felony took place, the felony-firearm conviction cannot stand and it, too, should be reversed. *People v Burgess,* 419 Mich 305, 311-312; 353 NW2d 444 (1984). Reversal on this issue would not require review of the other issues raised.