PEOPLE v RODGERS

Docket No. 63259. Submitted January 4, 1983, at Grand Rapids.— Decided March 31, 1983. Leave to appeal denied, 417 Mich 1027.

On June 23, 1969, Vaughn R. Rodgers was convicted, on his plea of guilty, of second-degree murder, Berrien Circuit Court, William S. White, J. Defendant appealed. The Court of Appeals dismissed the appeal for lack of progress and the Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for plenary consideration, 413 Mich 855 (1982). *Held:*

For a plea of guilty tendered after June 2, 1969, to be valid, the defendant must be advised on the record of his right to confront witnesses against him and his right to be free from compulsory self-incrimination. The record of defendant's plea taking was silent as to his right to confront witnesses against him and his right to be free from self-incrimination.

Reversed.

CRIMINAL LAW — GUILTY PLEAS — VOLUNTARINESS.

For a plea of guilty tendered after June 2, 1969, to be valid, the defendant must be advised on the record of his right to confront witnesses against him and his right to be free from compulsory self-incrimination.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 470 *et seq.*
Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.

Before: MacKenzie, P.J., and R. B. Burns and E. A. Quinnell,* JJ.

Per Curiam. This matter is before this Court on remand from the Michigan Supreme Court "for plenary consideration". *People v Rodgers,* 413 Mich 855 (1982).

On June 23, 1969, defendant entered a negotiated plea of guilty to second-degree murder, MCL 750.317; MSA 28.549, and was subsequently sentenced. Three weeks earlier the United States Supreme Court had released its decision in *Boykin v Alabama,* 395 US 238; 89 S Ct 1707; 23 L Ed 2d 274 (1969). *Boykin* is applicable to all guilty pleas tendered after June 2, 1969. *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

In order that the guilty plea be understanding and voluntary under constitutional standards, both *Boykin* and *Jaworski* require that a defendant be advised of his rights, among others, to confront witnesses against him and his right to be free from compulsory self-incrimination. Although the plea proceedings are otherwise exemplary, they do not contain any reference to these two rights.

Although the defendant may well have been aware of these rights from the other proceedings noted by appellee, such inferential knowledge cannot overcome a silent record.

We are compelled to reverse.

* Circuit judge, sitting on the Court of Appeals by assignment.