## PEOPLE v BURGESS

Docket No. 72376. Decided August 20, 1984. On application by the defendant for leave to appeal and by the people to cross-appeal, the Supreme Court, in lieu of granting leave to appeal, modified the judgment of the Court of Appeals.

Daniel J. Burgess was convicted by a jury in the Oakland Circuit Court, Robert L. Templin, J., of assault with a dangerous weapon, possession of a firearm during the commission of a felony, and carrying a weapon in an automobile. The Court of Appeals, T. M. Burns, P.J., and Allen and Cynar, JJ., in an unpublished opinion per curiam, reversed the conviction of assault with a dangerous weapon, but did not reverse the felony-firearm conviction (Docket No. 62522). The defendant applies for leave to appeal, and the people apply for leave to cross-appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

Conviction of possession of a firearm during the commission of a felony requires that the underlying felony have been committed, although no *conviction* of the underlying felony need be had. A valid defense to the charge of the underlying felony precludes conviction of felony-firearm. In this case, the defense of intoxication to the charge of assault with a dangerous weapon was recognized as valid by the Court of Appeals. Unlike a jury, an appellate court or a judge sitting without a jury is not free to reach an inconsistent result. In this case, the jury was improperly instructed on the elements of assault with a dangerous weapon. Because of the faulty instruction, the finding of the jury that the assault was committed may not be relied upon, and the conviction of felony-firearm must be reversed.

Affirmed in part and reversed in part.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard N. Browne,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Quarles* for the defendant.

PER CURIAM. In this case, the Court of Appeals has reversed a felony conviction, but has left undisturbed an accompanying conviction of possession of a firearm during the commission of the felony. We believe that this was error, and we reverse the defendant's felony-firearm conviction.

I

The information in this case listed three counts of criminal conduct. Count I alleged that the defendant had committed an assault while armed with a dangerous weapon (felonious assault). MCL 750.82; MSA 28.277. Count II alleged that the defendant had possessed a firearm "while in the commission or attempt to commit said felonious assault as more fully set forth in Count I above". MCL 750.227b; MSA 28.424(2). Count III alleged that the defendant had carried a weapon in his automobile (CCW). MCL 750.227; MSA 28.424. A jury found the defendant guilty of all three counts. He was sentenced to a term of from one to four years in prison for assault with a dangerous weapon, a term of two years in prison for the felony-firearm conviction, and a term of from one to five years in prison for carrying a weapon in his automobile. The trial court ordered that the sentences for Counts I and III be served concurrently and that they be served consecutively to the sentence for Count II.

The defendant appealed to the Court of Appeals, raising several issues. In an unpublished per curiam opinion,[1] the Court of Appeals agreed with the defendant that the trial court had erred in

_____
[1] Docket No. 62522, decided August 4, 1983.

permitting testimony that suggested that the defendant had possessed a controlled substance at the time of his arrest. The Court of Appeals further agreed with the defendant that testimony concerning his silence at the time of arrest violated *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). Finally, the Court of Appeals agreed with the defendant that the trial court had given an erroneous instruction on the charge of assault with a dangerous weapon.

"Defendant next argues that the trial court erred in instructing the jury on the elements of felonious assault. We agree. Although the trial court did instruct based on CJI 17:4:01, it omitted the first paragraph in that instruction. Therefore, although the jury was properly instructed that defendant could be convicted of felonious assault on either of two different theories, under only one theory was it instructed that the defendant [would] need a dangerous weapon. As such, under the first theory it was instructed that it need not find that defendant used a dangerous weapon. Using a dangerous weapon is necessary. *People v Stevens,* 409 Mich 564; 297 NW2d 120 (1980); *People v Stubbs,* 110 Mich App 287; 312 NW2d 232 (1981), *lv den* 413 Mich 950 (1982)."

The Court of Appeals explained that, "[c]onjoining these three errors", it was reversing the defendant's conviction of assault with a dangerous weapon. The Court went on, however, to explain that neither the felony-firearm conviction nor the CCW conviction would be reversed.

"Conjoining these three errors, we reverse defendant's felonious assault conviction. However, we decline to reverse either his carrying a concealed weapon or felony-firearm conviction. Unless the error is per se reversible, we will not reverse a conviction if defendant's defense is not legally recognized. Defendant's

only defense to the charges was intoxication. Although intoxication is a defense to felonious assault, *People v Polk (On Rehearing),* 123 Mich App 737; 333 NW2d 499 (1981), it is not a defense to a general intent crime like carrying a concealed weapon. *People v Lane,* 102 Mich App 11, 15; 300 NW2d 717 (1980). Felony-firearm requires that the firearm be carried or possessed during the course of a felony or an attempted felony. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *app dis* 444 US 948 (1979). As such, because felony-firearm is also a general intent crime, intoxication is again not a legal defense. Therefore, because defendant's only defense in this case is not a legal defense to either of these crimes and because none of the errors complained of are per se reversible, we find the errors harmless for his convictions for felony-firearm and carrying a concealed weapon.

"Even though the felony-firearm charge was predicated on the felonious assault and not the carrying of a concealed weapon, we will not reverse the felony-firearm conviction merely because we have reversed the felonious assault conviction. Michigan courts allow inconsistent verdicts. *People v Lewis,* 415 Mich 443; 330 NW2d 16 (1982). The errors requiring reversal for felonious assault in this case do not in and of themselves require reversal for felony-firearm. See *People v Morgan* [123 Mich App 27; 333 NW2d 163 (1983)]."

The defendant has applied to this Court, asking us to reverse his two remaining convictions. The prosecutor has filed an application for leave to cross-appeal, asserting that the trial court properly instructed the jury on the crime of assault with a dangerous weapon.

II

This defendant was charged with possession of a firearm "while in the commission or attempt to commit said felonious assault as more fully set forth in Count I". The jury found the defendant

guilty as charged, and affirmed its finding of guilt "of the crime of carrying a concealed weapon, felonious assault, and of felony-firearm in the manner and form that the people have in their information in this cause charged". The Court of Appeals determined that this defendant's conviction of assault with a dangerous weapon must be reversed. The issue is whether the felony-firearm conviction must also be reversed.

### III

The felony-firearm statute reads:

"(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.

"(2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

"(3) The term of imprisonment imposed under this section shall not be suspended. The person subject to the sentence mandated by this section shall not be eligible for parole or probation during the mandatory term imposed pursuant to subsection (1)."

In *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), we said that felony-firearm is clearly a separate crime, and not merely a sentence enhancement measure. The relationship between a felony-fire-

arm offense and the underlying felony was more fully explored in *People v Lewis,* 415 Mich 443; 330 NW2d 16 (1982). In that case, we dealt with three cases in which juries had entered acquittals on the underlying felony, together with convictions of felony-firearm. The defendants in *Lewis* argued that a verdict of not guilty on the felony charge represented a finding by the jury that the defendant did not commit the felony, and since he did not commit the felony he could not be guilty of felony-firearm. We observed, however, that such an argument looks at the matter from only one side, and that the conviction of felony-firearm may, with equal validity, be read as an implicit finding that the defendant did commit the felony. Thus the inconsistent verdicts suggested that the juries either compromised or were lenient. We later observed, "[w]hile the felony-firearm statute makes commission or the attempt to commit a felony an element of the offense of felony-firearm, it does not make conviction of a felony or an attempt to commit a felony an element of the offense". We went on to explain that a jury should be instructed that a felony-firearm conviction may not be had unless the defendant committed or attempted to commit a felony, but that it would be error to instruct the jury that a felony-firearm conviction may not be had unless there is a *conviction* of an underlying felony.

The juries in *Lewis* reached inconsistent verdicts through compromise or leniency. We observed in *People v Vaughn,* 409 Mich 463, 466; 295 NW2d 354 (1980), that juries "are not held to any rules of logic" and possess the "capacity for leniency". We added, however, that "[t]hese considerations change when a case is tried by a judge sitting without a jury". An appellate court likewise does

not normally enjoy the freedom to be inconsistent or to compromise.

In explaining that the reversal of the conviction of assault with a dangerous weapon did not mandate reversal of the felony-firearm conviction, the Court of Appeals offered two explanations. The first was that the defendant's only defense to the charges was intoxication and that intoxication is no defense to felony-firearm. The second was that inconsistent results were permissible.

> "Even though the felony-firearm charge was predicated on the felonious assault and not the carrying a concealed weapon charge, we will not reverse the felony-firearm charge merely because we have reversed the felonious assault conviction. Michigan courts allow inconsistent verdicts. *People v Lewis,* 415 Mich 443; 330 NW2d 16 (1982). The errors requiring reversal for felonious assault in this case do not in and of themselves require reversal for felony-firearm. See *People v Morgan* [123 Mich App 27; 333 NW2d 163 (1983)]."

Neither reason is persuasive. It does not matter whether intoxication is a defense to felony-firearm —it is a defense to the underlying felony of assault with a dangerous weapon. Our explanation in *Lewis* that no conviction of the underlying felony need be had does not alter the requirement that the underlying felony must have been committed. As explained above, *Lewis* does not grant an appellate court the option of reaching an inconsistent result. *Lewis* thus does not support the analysis of the Court of Appeals in this case. Neither does *Morgan,* since our subsequent decision to grant relief to the prosecution removed the inconsistent nature of the result in that case. *People v Steven Morgan,* 417 Mich 1064; 335 NW2d 907 (1983).

The jury in this case was improperly instructed

on the underlying felony of assault with a dangerous weapon. The assault conviction has therefore been reversed. More importantly, the jury's factual finding that the assault was committed may no longer be relied upon. Absent such a finding, the felony-firearm conviction must also be reversed.

For these reasons, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we modify the judgment of the Court of Appeals to provide that the felony-firearm conviction is also reversed. We are unpersuaded that there is any merit to the other issues raised by the defendant or the prosecution, and thus the judgment of the Court of Appeals is in all other respects affirmed.[2]

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.

[2] Our reversal of the felony-firearm conviction renders it unnecessary to comment on the trial court's order that the sentence for carrying a weapon in an automobile be served consecutively to the felony-firearm sentence.