**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:        Justices:
Clifford W. Taylor    Michael F. Cavanagh
                      Elizabeth A. Weaver
                      Marilyn Kelly
                      Maura D. Corrigan
                      Robert P. Young, Jr.
                      Stephen J. Markman

FILED APRIL 23, 2008

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v                             No. 133264

JULIAS HOLLEY,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH

TAYLOR, C. J.

At issue is whether MCL 750.483a(1)(b), which provides that a "person shall not . . . [p]revent or attempt to prevent through the unlawful use of physical force another person from reporting a crime committed or attempted by another person," requires the prosecution to prove beyond a reasonable doubt that someone committed or attempted to commit the crime that was sought to be reported, in this case felonious assault, in order to secure a conviction. Because we conclude that neither the placement of subsection 1(b) in the statutory scheme of MCL 750.483a nor the grammatical construction of subsection 1(b) requires

such proof, we reverse the judgment of the Court of Appeals that held to the contrary and reinstate defendant's conviction.

## I. FACTS AND PROCEDURAL HISTORY

On March 7, 2005, defendant arrived at the house of his child's mother, Peggy Gordon. Defendant had been drinking, and he and Gordon began to argue. After Gordon asked defendant to leave, defendant went to the kitchen and returned with a knife. While approaching Gordon with the knife, defendant said, "I'll hurt you." Gordon replied, "No you won't." When Gordon reached for the telephone and told defendant that she was going to call the police, defendant grabbed the telephone and cut the telephone cords with the knife. Defendant then threw the knife on the stool where the telephone was located. Although defendant never pointed the knife directly at Gordon, she testified that defendant was within arm's reach of her with the knife in his hand and that she believed that he was going to hurt her. After defendant left Gordon's home, she summoned the police.

Defendant was charged with felonious assault and the offense of preventing or attempting to prevent the report of a crime. Following a bench trial, the trial court found defendant not guilty of felonious assault. However, with regard to the charge of preventing or attempting to prevent the report of a crime, the court concluded that the prosecution did not need to prove felonious assault beyond a reasonable doubt.

On appeal, in a 2-1 decision, the Court of Appeals reversed the conviction. In analyzing MCL 750.483a(1)(b), the Court, focusing only on the phrase "a crime committed or attempted" in isolation and not recognizing the structure of the entire statute or the specific criminal act prohibited by subsection 1(b), essentially concluded that MCL 750.483a(1)(b) requires proof beyond a reasonable doubt that a person committed or attempted to commit the crime sought to be reported.[1] It remanded the case with instructions to the trial court to determine whether an actual crime was committed or attempted. The dissenting judge would have affirmed the conviction.

The prosecution applied for leave to appeal in this Court. After directing the parties to address whether MCL 750.483a(1)(b) requires proof beyond a reasonable doubt that a person committed or attempted to commit a crime, we heard oral argument on whether to grant the application or take other peremptory action, as permitted by MCR 7.302(G)(1).[2]

## II. STANDARD OF REVIEW

Whether MCL 750.483a(1)(b) requires proof beyond a reasonable doubt that a person committed or attempted to commit a crime is a question of statutory

---

[1] Unpublished opinion per curiam, issued January 25, 2007 (Docket No. 264584).

[2] 478 Mich 863 (2007).

interpretation, which we review de novo.[3] When interpreting statutory language, a court must keep in mind the plain meaning of the language employed, as well as its placement in the statutory scheme and the grammatical context in which it is used.[4]

### III. ANALYSIS

The statutory scheme at issue in this case involves MCL 750.483a, which broadly criminalizes attempts to interfere with the reporting, investigating, or prosecution of crimes. MCL 750.483a(1)(a)[5] forbids, generally, the withholding of testimony, information, or documents. Next, MCL 750.483a(1)(b)[6] forbids, generally, interference with a person seeking to report a crime. MCL 750.483a(1)(c)[7] forbids, generally, retaliation against a person who reported a

---

[3] *People v Nyx,* 479 Mich 112, 116; 734 NW2d 548 (2007).

[4] *People v Gillis,* 474 Mich 105, 114-115; 712 NW2d 419 (2006).

[5] MCL 750.483a(1)(a) provides that a person shall not "[w]ithhold or refuse to produce any testimony, information, document, or thing after the court has ordered it to be produced following a hearing."

[6] MCL 750.483a(1)(b) provides that a person shall not "[p]revent or attempt to prevent through the unlawful use of physical force another person from reporting a crime committed or attempted by another person."

[7] MCL 750.483a(1)(c) provides that a person shall not

[r]etaliate or attempt to retaliate against another person for having reported or attempted to report a crime committed or attempted by another person. As used in this subsection, "retaliate" means to do any of the following:

(*i*) Commit or attempt to commit a crime against any person.

(continued…)

4

crime. The statute continues with MCL 750.483a(3),[8] which criminalizes the bribing, threatening, or influencing of those who give information to the police. Finally, MCL 750.483a(5)[9] concerns tampering with and destroying evidence.

As is evident, all the described offenses attempt to prevent interference, of one sort or another, with the investigation of a crime or the administration of justice. By including MCL 750.483a(1)(b) and its criminalization of the interference with the report of a crime within this statutory scheme, the Legislature has made clear that its concern was to prevent *interference* with the report of a

_____

(…continued)
> (*ii*) Threaten to kill or injure any person or threaten to cause property damage.

[8] MCL 750.483a(3) provides:

> (3) A person shall not do any of the following:

> (a) Give, offer to give, or promise anything of value to any person to influence a person's statement to a police officer conducting a lawful investigation of a crime or the presentation of evidence to a police officer conducting a lawful investigation of a crime.

> (b) Threaten or intimidate any person to influence a person's statement to a police officer conducting a lawful investigation of a crime or the presentation of evidence to a police officer conducting a lawful investigation of a crime.

[9] MCL 750.483a(5) provides:

> (5) A person shall not do any of the following:

> (a) Knowingly and intentionally remove, alter, conceal, destroy, or otherwise tamper with evidence to be offered in a present or future official proceeding.

> (b) Offer evidence at an official proceeding that he or she recklessly disregards as false.

crime and not with whether the crime being reported was actually committed or attempted.

This conclusion is harmonious with the proper construction of the statute, MCL 750.483a(1)(b), which lays out the elements of the offense of preventing the reporting of a crime. As defined by the Legislature in MCL 750.483a(1)(b), the elements that the prosecution must prove beyond a reasonable doubt are (1) that a defendant prevented or attempted to prevent, (2) through the unlawful use of physical force, (3) someone from reporting a crime committed or attempted by another person.

The criminal action that MCL 750.483a(1)(b) prohibits is found in the phrase "[p]revent or attempt to prevent." As used in the statute, the verb "prevent" is transitive in nature,[10] which means that there must be something that is prevented or sought to be prevented.[11] In MCL 750.483a(1)(b), what is actually prevented or sought to be prevented is a report of a crime by another person and not "a crime committed or attempted by another person."

This is significant because a report will necessarily entail the subjective perception of the person who is reporting. "Report" is relevantly defined as "a

---

[10] *Random House Webster's College Dictionary* (2001).

[11] Sabin, *The Gregg Reference Manual, Ninth Edition* (New York: Glencoe McGraw-Hill, 2001), pp 556, 561; Weinhold, *The Tongue Untied, A guide to grammar, punctuation, and style* <http://grammar.uoregon.edu/verbs/transitive.html> (accessed December 5, 2007).

6

detailed account of an event, situation, etc., [usually] based on observation or inquiry."[12] And "observation" is defined as "an act or instance of noticing or *perceiving*."[13] Therefore, although the term "perceived" is not expressly stated in MCL 750.483a(1)(b), it is inherently implied by the use of the term "report," which is the focus of the criminal act proscribed by the statute, and it is the perception of the person reporting that "a crime [has been] committed or attempted by another person" that is significant, not whether the crime was actually committed or attempted.[14]

Finally, defendant argues that, because the statute specifically refers to a crime "committed or attempted," it must require proof of the actual commission or attempted commission of a crime and that any other interpretation would render this phrase superfluous.[15] This assertion cannot be correct because although

---

[12] *Random House Webster's College Dictionary* (2001).

[13] *Id.* (emphasis added).

[14] Although the dissent accuses the majority of reading words into the statute, the dissenting justice cannot challenge the unmistakable fact that the verb "prevent" is transitive in nature and that it focuses on the action of reporting. And she cannot meaningfully challenge the meaning of the term "report." Nor has she explained why the language "committed or attempted" is included in MCL 750.483a(1)(b) when the word "crime," by itself, implicates a completed act. See MCL 750.5 ("'Crime' means an act or omission forbidden by law . . . ."). Instead, the dissenting justice adds her own words to the construction of the statute by adding an additional verb: "crime . . . *was* committed or attempted." It is only through this unwarranted addition that the dissenting justice is able to effectively create the additional element that she would like the prosecution to prove.

[15] To support this argument, defendant relies on this Court's interpretation in *People v Burgess,* 419 Mich 305; 353 NW2d 444 (1984), of a phrase found in
(continued…)

7

defendant here was the one who was accused of committing the crime that was being reported, the statute does not *require* that the person accused of interfering with the report of a crime be the person who also committed the crime being reported. Rather, the statute's plain language criminalizes preventing or attempting to prevent the reporting of "a crime committed or attempted *by another person.*" The statute does not state that it criminalizes preventing or attempting to prevent the reporting of a crime committed or attempted by *the person who is preventing the reporting*. This distinction is significant because whether another

---

(…continued)

the felony-firearm statute, MCL 750.227b. The current version of the phrase is: "[a] person who carries or has in his or her possession a firearm when he or she *commits or attempts* to commit a felony." Apparently defendant's argument is fairly effective, because it convinced not only the Court of Appeals majority but also the dissenting justice in this Court. It is fallacious to conclude as the dissent does that *Burgess* has any relevance to the interpretation of the statute before us, MCL 750.483a(1)(b), for several reasons. First, to reach such a conclusion, we would have to assume that the Legislature, in enacting MCL 450.483a(1)(b), was aware of this Court's judicial construction of MCL 750.227b, an entirely unrelated statute. Such an assumption would impose on the Legislature the unreasonable burden of keeping abreast of *all* judicial pronouncements involving the construction of *all* statutes, even those that are unrelated. Cf. *People v Hawkins,* 468 Mich 488, 509 n 20; 668 NW2d 602 (2003). Second, the context in which the words "commits or attempts" are used in the felony-firearm statute, specifically in conjunction with the term "when," makes it clear that a defendant must actually be committing the underlying felony at the time he or she possesses the firearm; as previously discussed, the context in which "committed or attempted" is used in MCL 450.483a(1)(b) does not require a similar conclusion. Third, the felony-firearm statute requires that the person who possessed the firearm also be the person who committed or attempted to commit the crime; as will be discussed, MCL 450.483a(1)(b) does not require that the person who interfered with the report of a crime also be the person who committed or attempted to commit the crime being or sought to be reported, and the culpability of the person who interfered with the report cannot hinge on the guilt of another person.

8

person—who is not on trial for the offense of interfering with the report of a crime—committed or attempted to commit the crime being or sought to be reported is irrelevant to whether the person who is on trial for interfering with the report of a crime has actually interfered or attempted to interfere with the report of a crime. For example, if person A commits a crime, and person B tries to report the crime, but person C prevents person B from making the report, whether person C is guilty of interfering with the report has nothing to do with whether the prosecution can prove beyond a reasonable doubt that person A committed the crime being reported. In other words, the culpability of the person accused of interfering with the report of a crime cannot hinge on the guilt of another person.

Contrary to defendant's argument, the phrase "committed or attempted" is necessary to establish that the reporter need not be attempting to report an *accomplished* crime; interference with the report of an *attempted* crime is enough. The statute would not achieve its purpose if it merely referred to a report of "a crime" because this implies a completed crime. It therefore follows that the prosecution is not required to prove beyond a reasonable doubt that the crime being reported was committed or attempted.

## IV. CONCLUSION

In sum, we conclude that the prosecution is not required to prove beyond a reasonable doubt that the crime sought to be reported was attempted or committed by another person in order to obtain a conviction under MCL 750.483a(1)(b)

9

because the placement of § 483a(1)(b) in the statutory scheme and the grammatical context in which the phrase "crime committed or attempted" is used do not require such an interpretation, and the plain language of the statute can be interpreted to reach a result that is consistent with the statutory scheme. Accordingly, we reverse the judgment of the Court of Appeals that held otherwise and reinstate defendant's conviction.

Reversed.

Clifford W. Taylor
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.

S T A T E   O F   M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellant,

v                                    No. 133264

JULIAS HOLLEY,

     Defendant-Appellee.

_____

KELLY, J. (*dissenting*).

After a bench trial, defendant was convicted of interfering with the report of a crime.[1]  The Court of Appeals reversed the conviction.  Now the majority reinstates it, and I dissent from that decision.  Prosecutors are still required to prove each element of a crime beyond a reasonable doubt.  Because it is not clear that the third element of the crime was proved in this case, the judgment of the Court of Appeals should stand.

### THE FACTS

The alleged facts are as follows.  Defendant and the complainant, Peggy Gordon, had a child together.  On March 7, 2005, defendant arrived at Gordon's home.  An argument ensued.  At one point in the argument, defendant retrieved a knife from the kitchen and told Gordon that he was going to hurt her.  Gordon told

_____

[1] MCL 750.483a(1)(b).

him, "No you won't." As Gordon moved to pick up the phone to call the police, defendant cut the telephone cord. He then stated, "That's not me," put down the knife, and left the home. Gordon substituted a different phone cord and called the police.

Defendant was arrested and charged with assault with a dangerous weapon and interfering with the report of a crime. He opted for a bench trial before Judge Thomas E. Jackson of the Wayne Circuit Court. Judge Jackson found that the prosecution had not met its burden to prove assault with a dangerous weapon, and he acquitted defendant of this charge. On the charge of interfering with the report of a crime, the judge entered a provisional verdict of guilty. But he asked the parties to address whether the statute prohibiting interference with the report of a crime requires that a crime actually had been committed or attempted. Specifically, the judge stated:

> [I]f, in fact, [Gordon] only has to perceive a crime being committed and that is in her mind . . . if, it's enough that she perceived it, then that's enough for that charge to stand. If, in fact, it has to be an actual crime for that particular one to stand, then I would find that that doesn't stand.

After considering the parties' arguments, Judge Jackson accepted the prosecution's position that the statute requires only that the person reporting the crime perceive that a crime had been committed or attempted. Relying on this interpretation, he found defendant guilty of interfering with the report of a crime.

2

On appeal, the Court of Appeals reversed defendant's conviction in a split, unpublished opinion.[2] The majority held that the offense of interfering with the report of a crime does not require the defendant to have been convicted of the underlying crime. But it does require the prosecution to prove beyond a reasonable doubt that a crime had been committed or attempted. Because the trial judge thought that the complainant's perception that a crime had been committed or attempted was sufficient to convict, the majority reversed defendant's conviction and remanded the case. Judge Schuette dissented.

Following the Court of Appeals decision, the prosecution applied for leave to appeal in this Court. We heard argument on the application to consider whether MCL 750.483a(1)(b) requires proof beyond a reasonable doubt that a person committed or attempted to commit a crime.[3]

ADEQUATE PROOF OF THE THIRD ELEMENT MAY BE LACKING

The most basic rule of criminal procedure is that a defendant cannot be convicted of a crime unless the prosecution has proved each element of it beyond a reasonable doubt.[4] The issue in this case is whether the offense of interfering with

---

[2] Unpublished opinion per curiam, issued January 25, 2007 (Docket No. 264584).

[3] 478 Mich 863 (2007).

[4] See, e.g., *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970) ("Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); *People v*
(continued…)

the report of a crime requires the prosecution to prove that another person committed or attempted to commit a crime.

MCL 750.483a(1)(b) provides:

(1) A person shall not do any of the following:

* * *

(b) Prevent or attempt to prevent through the unlawful use of physical force another person from reporting a crime committed or attempted by another person.

Under the statutory definition of this crime, the prosecution must prove the following facts beyond a reasonable doubt in order to secure a conviction: (1) the defendant used unlawful physical force, (2) the unlawful physical force prevented or attempted to prevent another person from reporting a crime, and (3) the crime sought to be reported was committed or attempted by another person.[5] It follows,

_____

(…continued)
*Bearss*, 463 Mich 623, 629; 625 NW2d 10 (2001) ("Together, the Sixth and Fourteenth Amendments 'indisputably entitle a criminal defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."'") (citations omitted).

[5] The majority claims that my construction adds a word to the third element of the statute. It is true that I use the word "was." However, I use the word for the sake of clarity, not to alter the meaning of the statutory language. This is illustrated by the fact that I can omit the word and reach the same result. There is another way to phrase the elements of the crime that does not use the word "was": (1) the defendant used unlawful physical force (2) to prevent or attempt to prevent another person from reporting a crime (3) committed or attempted by another person. Under this rephrasing of the elements, the prosecution still must prove beyond a reasonable doubt that another person committed or attempted to commit the crime sought to be reported.

The majority also claims that my interpretation does not give effect to the phrase "committed or attempted." I disagree. This language is included to make

(continued…)

4

therefore, that a defendant cannot be convicted of interfering with the report of a crime unless the prosecution proves beyond a reasonable doubt the third element of that crime: (a) that another person sought to report a crime and (b) that the crime had been committed or attempted by another person.[6]

Here, the finder of fact, the trial judge, assumed that the statute requires only that the person seeking to report a crime perceived that a crime had been committed or attempted. Because this is an incorrect interpretation of the statute, defendant's conviction cannot stand. Accordingly, I would affirm the judgment of the Court of Appeals that reversed defendant's conviction. The Court of Appeals was correct in remanding the case to the trial court. That court should consider whether the prosecution proved beyond a reasonable doubt that defendant or another person committed or attempted to commit the crime sought to be reported.[7]

---

(…continued)
clear that one violates the provision by interfering with the reporting of a committed crime *or an attempted crime*. My interpretation recognizes this fact.

[6] The statute specifies "a crime committed or attempted by another person." It does not require that defendant or another person be convicted of the underlying crime. Therefore, the prosecution need prove beyond a reasonable doubt only that the crime sought to be reported was committed or attempted by another person. It need not prove that defendant or another person was convicted of the underlying crime.

[7] In making this determination, the trial court normally would consider whether the behavior of defendant that prompted the alleged victim to call the police constituted a crime. But the judge was the trier of fact here. And a judge, unlike a jury, is not allowed to reach inconsistent verdicts. Hence, the judge cannot find defendant guilty of interfering with the report of a crime using the
(continued…)

5

The majority concludes that the prosecution need not prove that an actual crime was committed or attempted because "[i]n MCL 750.483a(1)(b), what is actually being prevented or sought to be prevented is a report of a crime by another person and not 'a crime committed or attempted by another person.'"[8] It is accurate to state that the statute prohibits preventing or attempting to prevent another person from reporting a crime. However, the statute also requires that the crime sought to be reported was committed or attempted by another person. If any one of the statutory requirements is not satisfied, there can be no conviction. Thus, if no crime has been committed or attempted by another person, the statute cannot be violated. It is that simple.

## THE MAJORITY'S ERROR

The glaring weakness in the majority's interpretation is that, in order to justify its conclusion, it reads language into the statute. The majority essentially interprets the statute as providing that a person is guilty of interfering with the report of a crime if the person "prevents or attempts to prevent through the unlawful use of physical force another person from reporting a crime *that the reporter perceives to have been* committed or attempted by another person."

_____

(…continued)
crime of assault with a dangerous weapon as the underlying crime. The judge has already acquitted defendant of that charge. See *People v Ellis,* 468 Mich 25, 26; 658 NW2d 142 (2003). The judge could consider, however, whether defendant committed a crime that is a lesser-included offense of assault with a dangerous weapon.

6

Contrary to the majority's interpretation, the statute does not prohibit preventing or attempting to prevent another from reporting a "perceived" crime, or a "possible" crime, or an "alleged" crime. It prohibits preventing or attempting to prevent another person "from reporting a crime committed or attempted by another person." The majority's opinion is defective because it fails to read the statute as it is actually written.[9]

Holding that the prosecution must prove beyond a reasonable doubt that the crime sought to be reported was committed or attempted by another person is consistent with this Court's decision in *People v Burgess*.[10] In *Burgess*, the defendant's underlying conviction of felonious assault had been reversed. The issue was whether, in light of the reversal, his conviction for the offense of possessing a firearm during the commission of a felony could stand.

---

(…continued)

[8] *Ante* at 6.

[9] It is possible that some may find the majority opinion compelling because of the facts alleged and the verdict of not guilty of assault with a dangerous weapon. As alleged, the facts could well have supported a guilty verdict for this charge. But that is not the issue before this Court. Rather, our task is limited to ascertaining the elements of interfering with the report of a crime and deciding whether the prosecution proved those elements beyond a reasonable doubt. As I have demonstrated, a remand is required. It is not clear that the prosecution satisfied its burden, given the trial court's verdict of not guilty of the crime of assault with a dangerous weapon.

[10] *People v Burgess,* 419 Mich 305; 353 NW2d 444 (1984).

At the time, the felony-firearm statute[11] provided in relevant part: "(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years."

The *Burgess* Court held that an element of felony-firearm was that a defendant committed or attempted to commit a felony.[12] The language used in the felony-firearm statute and the language used in the statute prohibiting interference with the report of a crime are similar. The felony-firearm statute prohibits a person from carrying a firearm when he or she "commits or attempts to commit a felony . . . ." The statute prohibiting interference with the report of a crime prohibits an individual from preventing or attempting to prevent another person from reporting "a crime committed or attempted . . . ."

The *Burgess* Court concluded that the felony-firearm statue requires proof beyond a reasonable doubt that a defendant committed or attempted to commit a felony. This logic supports holding that the statute under consideration here requires proof beyond a reasonable doubt that the crime sought to be reported was committed or attempted by another person.[13]

---

[11] MCL 750.227b.

[12] *Burgess,* 419 Mich at 310.

[13] Contrary to the implications of the majority opinion, I do not claim that *Burgess* is controlling. The language of the statute at issue is controlling. My interpretation is consistent with that language. The majority's is not. While *Burgess* is not controlling, I believe that it is relevant to highlight a weakness in

(continued…)

CONCLUSION

The statute prohibiting interference with the report of a crime prohibits a person from unlawfully using physical force to prevent or attempt to prevent "another person from reporting a crime committed or attempted by another person." It necessarily follows that, if no crime has been committed or attempted by another person, a defendant cannot be convicted under this statute. Because the majority opinion holds to the contrary, I dissent.

Marilyn Kelly
Michael F. Cavanagh
Stephen J. Markman

---

(…continued)
the majority's position. My interpretation is consistent with decisions of this Court interpreting similar language, whereas the majority's is not.

The majority argues that we should not assume that the Legislature was aware of the interpretation that the *Burgess* Court gave the felony-firearm statute when it enacted the instant statute. But I do not need to make such an assumption to find *Burgess* relevant. Even if the majority were correct that we should not assume this fact, this Court is obligated to be aware of its own judicial construction of the similarly worded felony-firearm statute. And the Court should take guidance from that interpretation in this case.