Taylor, C.J.
At issue is whether MCL 750.483a(l)(b), which provides that a “person shall not. . . [p]revent or attempt to prevent through the unlawful use of physical force another person from reporting a crime committed or attempted by another person,” requires the prosecution to prove beyond a reasonable doubt that someone committed or attempted to commit the crime that was sought to be reported, in this case felonious assault, in order to secure a conviction. Because we conclude that neither the placement of subsection 1(b) in the statutory scheme of MCL 750.483a nor the grammatical construction of subsection 1(b) requires such proof, we reverse the judgment of the Court of Appeals that held to the contrary and reinstate defendant’s conviction.
I. PACTS AND PROCEDURAL HISTORY
On March 7, 2005, defendant arrived at the house of his child’s mother, Peggy Gordon. Defendant had been drinking, and he and Gordon began to argue. After Gordon asked defendant to leave, defendant went to the kitchen and returned with a knife. While approaching Gordon with the knife, defendant said, “I’ll hurt you.” Gordon replied, “No you won’t.” When Gordon reached for the telephone and told defendant that she was going to call the police, defendant grabbed the telephone and cut the telephone cords with the knife. Defendant then threw the knife on the stool where the telephone was located. Although defendant never pointed the knife directly at Gordon, she testified that defendant was within arm’s reach of her with the knife in his hand and *225 that she believed that he was going to hurt her. After defendant left Gordon’s home, she summoned the police.
Defendant was charged with felonious assault and the offense of preventing or attempting to prevent the report of a crime. Following a bench trial, the trial court found defendant not guilty of felonious assault. However, with regard to the charge of preventing or attempting to prevent the report of a crime, the court concluded that the prosecution did not need to prove felonious assault beyond a reasonable doubt.
On appeal, in a 2-1 decision, the Court of Appeals reversed the conviction. In analyzing MCL 750.483a(l)(b), the Court, focusing only on the phrase “a crime committed or attempted” in isolation and not recognizing the structure of the entire statute or the specific criminal act prohibited by subsection 1(b), essentially concluded that MCL 750.483a(l)(b) requires proof beyond a reasonable doubt that a person committed or attempted to commit the crime sought to be reported.[1] It remanded the case with instructions to the trial court to determine whether an actual crime was committed or attempted. The dissenting judge would have affirmed the conviction.
The prosecution applied for leave to appeal in this Court. After directing the parties to address whether MCL 750.483a(1)(b) requires proof beyond a reasonable doubt that a person committed or attempted to commit a crime, we heard oral argument on whether to grant the application or take other peremptory action, as permitted by MCR 7.302(G)(1).[2]
*226 II. STANDARD OF REVIEW
Whether MCL 750.483a(l)(b) requires proof beyond a reasonable doubt that a person committed or attempted to commit a crime is a question of statutory interpretation, which we review de .novo.[3] When interpreting statutory language, a court must keep in mind the plain meaning of the language employed, as well as its placement in the statutory scheme and the grammatical context in which it is used.[4]
III. ANALYSIS
The statutory scheme at issue in this case involves MCL 750.483a, which broadly criminalizes attempts to interfere with the reporting, investigating, or prosecution of crimes. MCL 750.483a(1)(a)[5] forbids, generally, the withholding of testimony, information, or documents. Next, MCL 750.483a(1)(b)[6] forbids, generally, interference with a person seeking to report a crime. MCL 750.483a(1)(c)[7] forbids, generally, retaliation against a person who reported a crime. The statute *227 continues with MCL 750.483a(3),[8] which criminalizes the bribing, threatening, or influencing of those who give information to the police. Finally, MCL 750.483a(5)[9] concerns tampering with and destroying evidence.
As is evident, all the offenses described attempt to prevent interference, of one sort or another, with the investigation of a crime or the administration of justice. By including MCL 750.483a(l)(b) and its criminalization of the interference with the report of a crime within this statutory scheme, the Legislature has made clear that its concern was to prevent interference with the report of a crime and not with whether the crime being reported was actually committed or attempted.
*228 This conclusion is harmonious with the proper construction of the statute, MCL 750.483a(l)(b), which lays out the elements of the offense of preventing the reporting of a crime. As defined by the Legislature in MCL 750.483a(l)(b), the elements that the prosecution must prove beyond a reasonable doubt are (1) that a defendant prevented or attempted to prevent, (2) through the unlawful use of physical force, (3) someone from reporting a crime committed or attempted by another person.
The criminal action that MCL 750.483a(l)(b) prohibits is found in the phrase “[p] revent or attempt to prevent.” As used in the statute, the verb “prevent” is transitive in nature,[10] which means that there must be something that is prevented or sought to be prevented.[11] In MCL 750.483a(l)(b), what is actually prevented or sought to be prevented is a report of a crime by another person and not “a crime committed or attempted by another person.”
This is significant because a report will necessarily entail the subjective perception of the person who is reporting. “Report” is relevantly defined as “a detailed account of an event, situation, etc., [usually] based on observation or inquiry.”[12] And “observation” is defined as “an act or instance of noticing or perceiving."[13] Therefore, although the term “perceived” is not expressly stated in MCL 750.483a(1)(b), it is inherently implied by the use of the term “report,” which is the *229 focus of the criminal act proscribed by the statute, and it is the perception of the person reporting that “a crime [has been] committed or attempted by another person” that is significant, not whether the crime was actually committed or attempted.[14]
Finally, defendant argues that, because the statute specifically refers to a crime “committed or attempted,” it must require proof of the actual commission or attempted commission of a crime and that any other interpretation would render this phrase superfluous.[15] *230 This assertion cannot be correct because although defendant here was the one who was accused of committing the crime that was being reported, the statute does not require that the person accused of interfering with the report of a crime be the person who also committed the crime being reported. Rather, the statute’s plain language criminalizes preventing or attempting to prevent the reporting of “a crime committed or attempted by another person.” The statute does not state that it criminalizes preventing or attempting to prevent the reporting of a crime committed or attempted by the person who is preventing the reporting. This distinction is significant because whether another person — who is not on trial for the offense of interfering with the report of a crime — committed or attempted to commit the crime being or sought to be reported is irrelevant to whether the person who is on trial for interfering with the report of a crime actually interfered or attempted to interfere with the report of a crime. For example, if person A commits a crime, and person B tries to report the crime, but person C prevents person B from making the report, whether person C is guilty of interfering with the report has nothing to do with whether the prosecution can prove beyond a reasonable doubt that person A committed the crime being reported. In other *231 words, the culpability of the person accused of interfering with the report of a crime cannot hinge on the guilt of another person. Contrary to defendant’s argument, the phrase “committed or attempted” is necessary to establish that the reporter need not be attempting to report an accomplished crime; interference with the report of an attempted crime is enough. The statute would not achieve its purpose if it merely referred to a report of “a crime” because this implies a completed crime. It therefore follows that the prosecution is not required to prove beyond a reasonable doubt that the crime being reported was committed or attempted.
IV CONCLUSION
In sum, we conclude that the prosecution is not required to prove beyond a reasonable doubt that the crime sought to be reported was attempted or committed by another person in order to obtain a conviction under MCL 750.483a(l)(b) because the placement of § 483a(l)(b) in the statutory scheme and the grammatical context in which the phrase “crime committed or attempted” is used do not require such an interpretation and the plain language of the statute can be interpreted to reach a result that is consistent with the statutory scheme. Accordingly, we reverse the judgment of the Court of Appeals that held otherwise and reinstate defendant’s conviction.
Reversed.
Weaver, Corrigan, and Young, JJ., concurred with Taylor, C.J.

 Unpublished opinion per curiam, issued January 25, 2007 (Docket No. 264584).

 478 Mich 863 (2007).

 People v Nyx, 479 Mich 112, 116; 734 NW2d 548 (2007).

 People v Gillis, 474 Mich 105, 114-115; 712 NW2d 419 (2006).

 MCL 750.483a(1)(a) provides that a person shall not “[withhold or refuse to produce any testimony, information, document, or thing after the court has ordered it to be produced following a hearing.”

 MCL 750.483a(1)(b) provides that a person shall not “[plrevent or attempt to prevent through the unlawful use of physical force another person from reporting a crime committed or attempted by another person.”

 MCL 750.483a(1)(c) provides that a person shall not
[retaliate or attempt to retaliate against another person for having reported or attempted to report a crime committed or attempted by another person. As used in this subsection, “retaliate” means to do any of the following:
(i) Commit or attempt to commit a crime against any person.
*227 (¿i) Threaten to kill or injure any person or threaten to cause property damage.

 MCL 750.483a(3) provides:
A person shall not do any of the following:
(a) Give, offer to give, or promise anything of value to any person to influence a person’s statement to a police officer conducting a lawful investigation of a crime or the presentation of evidence to a police officer conducting a lawfid investigation of a crime.
(b) Threaten or intimidate any person to influence a person’s statement to a police officer conducting a lawful investigation of a crime or the presentation of evidence to a police officer conducting a lawful investigation of a crime.

 MCL 750.483a(5) provides:
A person shall not do any of the following:
(a) Knowingly and intentionally remove, alter, conceal, destroy, or otherwise tamper with evidence to be offered in a present or future official proceeding.
(b) Offer evidence at an official proceeding that he or she recklessly disregards as false.

 Random House Webster’s College Dictionary (2001).

 Sabin, The Gregg Reference Manual, Ninth Edition (New York: Glencoe McGraw-Hill, 2001), pp 556,561; Weinhold, The Tongue Untied, A guide to grammar, punctuation, and style <http://grammar.uoregon.edu/verbs/ transitive.html> (accessed December 5, 2007).

 Random House Webster’s College Dictionary (2001).

 Id. (emphasis added).

 Although the dissent accuses the majority of reading words into the statute, the dissenting justice cannot challenge the unmistakable fact that the verb “prevent” is transitive in nature and that it focuses on the action of reporting. And she cannot meaningfully challenge the meaning of the term “report.” Nor has she explained why the language “committed or attempted” is included in MCL 750.483a(l)(b) when the word “crime,” by itself, implicates a completed act. See MCL 750.5 (“ ‘Crime’ means an act or omission forbidden by law ....”). Instead, the dissenting justice adds her own words to the construction of the statute by adding an additional verb: “crime .. . was committed or attempted.” It is only through this unwarranted addition that the dissenting justice is able to effectively create the additional element that she would like the prosecution to prove.

 To support this argument, defendant relies on this Court’s interpretation in People v Burgess, 419 Mich 305; 353 NW2d 444 (1984), of a phrase found in the felony-firearm statute, MCL 750.227b. The current version of the phrase is “[a] person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony.” Apparently defendant’s argument is fairly effective, because it convinced not only the Court of Appeals majority but also the dissenting justice in this Court. It is fallacious to conclude as the dissent does that Burgess has any relevance to the interpretation of the statute before us, MCL 750.483a(1)(b), for several reasons. First, to reach such a conclusion, we would have to assume that the Legislature, in enacting MCL 450.483a(1)(b), was aware of this Court’s judicial construction of MCL 750.227b, an entirely unrelated statute. Such an assumption would impose on the Legslature the unreasonable burden of keeping abreast of all judicial pronouncements involving the construction of all statutes, even those that are unrelated. Cf. People v Hawkins, 468 Mich 488, 509 n 20; 668 NW2d 602 (2003). Second, the context in which the words “commits or attempts” are used in the felony-firearm statute, specifically *230 in conjunction with the term “when,” makes it clear that a defendant must actually be committing the underlying felony at the time he or she possesses the firearm; as previously discussed, the context in which “committed or attempted” is used in MCL 450.483a(1)(b) does not require a similar conclusion. Third, the felony-firearm statute requires that the person who possessed the firearm also be the person who committed or attempted to commit the crime; as will be discussed, MCL 450.483a(1)(b) does not require that the person who interfered with the report of a crime also be the person who committed or attempted to commit the crime being or sought to be reported, and the culpability of the person who interfered with the report cannot hinge on the guilt of another person.