Kelly, J.
(dissenting). After a bench trial, defendant was convicted of interfering with the report of a crime.[1] *232 The Court of Appeals reversed the conviction. Now the majority reinstates it, and I dissent from that decision. Prosecutors are still required to prove each element of a crime beyond a reasonable doubt. Because it is not clear that the third element of the crime was proved in this case, the judgment of the Court of Appeals should stand.
THE FACTS
The alleged facts are as follows. Defendant and the complainant, Peggy Gordon, had a child together. On March 7, 2005, defendant arrived at Gordon’s home. An argument ensued. At one point in the argument, defendant retrieved a knife from the kitchen and told Gordon that he was going to hurt her. Gordon told him, “No you won’t.” As Gordon moved to pick up the phone to call the police, defendant cut the telephone cord. He then stated, “That’s not me,” put down the knife, and left the home. Gordon substituted a different phone cord and called the police.
Defendant was arrested and charged with assault with a dangerous weapon and interfering with the report of a crime. He opted for a bench trial before Judge Thomas E. Jackson of the Wayne Circuit Court. Judge Jackson found that the prosecution had not met its burden to prove assault with a dangerous weapon, and he acquitted defendant of this charge. On the charge of interfering with the report of a crime, the judge entered a provisional verdict of guilty. But he asked the parties to address whether the statute prohibiting interference with the report of a crime requires that a crime actually had been committed or attempted. Specifically, the judge stated:
[I]f, in fact, [Gordon] only has to perceive a crime being committed and that is in her mind ... if, it’s enough that she *233 perceived it, then that’s enough for that charge to stand. If, in fact, it has to be an actual crime for that particular one to stand, then I would find that that doesn’t stand.
After considering the parties’ arguments, Judge Jackson accepted the prosecution’s position that the statute requires only that the person reporting the crime perceive that a crime had been committed or attempted. Relying on this interpretation, he found defendant guilty of interfering with the report of a crime.
On appeal, the Court of Appeals reversed defendant’s conviction in a split, unpublished opinion.[2] The majority held that the offense of interfering with the report of a crime does not require the defendant to have been convicted of the underlying crime. But it does require the prosecution to prove beyond a reasonable doubt that a crime had been committed or attempted. Because the trial judge thought that the complainant’s perception that a crime had been committed or attempted was sufficient to convict, the majority reversed defendant’s conviction and remanded the case. Judge SCHUETTE dissented.
Following the Court of Appeals decision, the prosecution applied for leave to appeal in this Court. We heard argument on the application to consider whether MCL 750.483a(1)(b) requires proof beyond a reasonable doubt that a person committed or attempted to commit a crime.[3]
ADEQUATE PROOF OF THE THIRD ELEMENT MAY BE LACKING
The most basic rule of criminal procedure is that a defendant cannot be convicted of a crime unless the *234 prosecution has proved each element of it beyond a reasonable doubt.[4] The issue in this case is whether the offense of interfering with the report of a crime requires the prosecution to prove that another person committed or attempted to commit a crime.
MCL 750.483a(l)(b) provides:
(1) A person shall not do any of the following:
(b) Prevent or attempt to prevent through the unlawful use of physical force another person from reporting a crime committed or attempted by another person.
Under the statutory definition of this crime, the prosecution must prove the following facts beyond a reasonable doubt in order to secure a conviction: (1) the defendant used unlawful physical force, (2) the unlawful physical force prevented or attempted to prevent another person from reporting a crime, and (3) the crime sought to be reported was committed or attempted by another person.[5] It follows, therefore, that a *235 defendant cannot be convicted of interfering with the report of a crime unless the prosecution proves beyond a reasonable doubt the third element of that crime: (a) that another person sought to report a crime and (b) that the crime had been committed or attempted by another person.[6]
Here, the finder of fact, the trial judge, assumed that the statute requires only that the person seeking to report a crime perceived that a crime had been committed or attempted. Because this is an incorrect interpretation of the statute, defendant’s conviction cannot stand. Accordingly, I would affirm the judgment of the Court of Appeals that reversed defendant’s conviction. The Court of Appeals was correct in remanding the case to the trial court. That court should consider whether the prosecution proved beyond a reasonable doubt that defendant or another person committed or attempted to commit the crime sought to be reported.[7]
*236 The majority concludes that the prosecution need not prove that an actual crime was committed or attempted because “[i]n MCL 750.483a(1)(b), what is actually being prevented or sought to be prevented is a report of a crime by another person and not ‘a crime committed or attempted by another person.’ ”[8] It is accurate to state that the statute prohibits preventing or attempting to prevent another person from reporting a crime. However, the statute also requires that the crime sought to be reported was committed or attempted by another person. If any one of the statutory requirements is not satisfied, there can be no conviction. Thus, if no crime has been committed or attempted by another person, the statute cannot be violated. It is that simple.
THE MAJORITY’S ERROR
The glaring weakness in the majority’s interpretation is that, in order to justify its conclusion, it reads language into the statute. The majority essentially interprets the statute as providing that a person is guilty of interfering with the report of a crime if the person “prevents or attempts to prevent through the unlawful use of physical force another person from reporting a crime that the reporter perceives to have been committed or attempted by another person.”
Contrary to the majority’s interpretation, the statute does not prohibit preventing or attempting to prevent another from reporting a “perceived” crime, or a “pos *237 sible” crime, or an “alleged” crime. It prohibits preventing or attempting to prevent another person “from reporting a crime committed or attempted by another person.” The majority’s opinion is defective because it fails to read the statute as it is actually written.[9]
Holding that the prosecution must prove beyond a reasonable doubt that the crime sought to be reported was committed or attempted by another person is consistent with this Court’s decision in People v Burgess.[10] In Burgess, the defendant’s underlying conviction of felonious assault had been reversed. The issue was whether, in light of the reversal, his conviction for the offense of possessing a firearm during the commission of a felony could stand.
At the time, the felony-firearm statute[11] provided in relevant part: “(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years.”
The Burgess Court held that an element of felony-firearm was that a defendant committed or attempted to commit a felony.[12] The language used in the felony- *238 firearm statute and the language used in the statute prohibiting interference with the report of a crime are similar. The felony-firearm statute prohibits a person from carrying a firearm when he or she “commits or attempts to commit a felony . . . .” The statute prohibiting interference with the report of a crime prohibits an individual from preventing or attempting to prevent another person from reporting “a crime committed or attempted . ...”
The Burgess Court concluded that the felony-firearm statue requires proof beyond a reasonable doubt that a defendant committed or attempted to commit a felony. This logic supports holding that the statute under consideration here requires proof beyond a reasonable doubt that the crime sought to be reported was committed or attempted by another person.[13]
CONCLUSION
The statute prohibiting interference with the report of a crime prohibits a person from unlawfully using physical force to prevent or attempt to prevent “another person from reporting a crime committed or *239 attempted by another person.” It necessarily follows that, if no crime has been committed or attempted by another person, a defendant cannot be convicted under this statute. Because the majority opinion holds to the contrary, I dissent.
CAVANAGH and MAEKMAN, JJ., concurred with KELLY, J.

 MCL 750.483a(1)(b).

 Unpublished opinion per curiam, issued January 25, 2007 (Docket No. 264584).

 478 Mich 863 (2007).

 See, e.g., In re Winship, 397 US 358,364; 90 S Ct 1068; 25 L Ed 2d 368 (1970) (“Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.”); People v Bearss, 463 Mich 623, 629; 625 NW2d 10 (2001) (“Together, the Sixth and Fourteenth Amendments ‘indisputably entitle a criminal defendant to “a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.” ’ ”) (citations omitted).

 The majority claims that my construction adds a word to the third element of the statute. It is true that I use the word “was.” However, I use the word for the sake of clarity, not to alter the meaning of the statutory language. This is illustrated by the fact that I can omit the word and reach the same result. There is another way to phrase the elements of the crime that does not use the word “was”: (1) the defendant used unlawful physical force (2) to prevent or attempt to prevent another person from *235 reporting a crime (3) committed or attempted by another person. Under this rephrasing of the elements, the prosecution still must prove beyond a reasonable doubt that another person committed or attempted to commit the crime sought to be reported.
The majority also claims that my interpretation does not give effect to the phrase “committed or attempted.” I disagree. This language is included to make clear that one violates the provision by interfering with the reporting of a committed crime or an attempted crime. My interpretation recognizes this fact.

 The statute specifies “a crime committed or attempted by another person.” It does not require that defendant or another person be convicted of the underlying crime. Therefore, the prosecution need prove heyond a reasonable doubt only that the crime sought to be reported was committed or attempted by another person. It need not prove that defendant or another person was convicted of the underlying crime.

 In making this determination, the trial court normally would consider whether the behavior of defendant that prompted the alleged victim to call the police constituted a crime. But the judge was the trier of fact here. And a judge, unlike a jury, is not allowed to reach inconsistent verdicts. Hence, the judge cannot find defendant guilty of interfering with the *236 report of a crime using the crime of assault with a dangerous weapon as the underlying crime. The judge has already acquitted defendant of that charge. See People v Ellis, 468 Mich 25, 26; 658 NW2d 142 (2003). The judge could consider, however, whether defendant committed a crime that is a lesser-included offense of assault with a dangerous weapon.

 Ante at 228.

 It is possible that some may find the majority opinion compelling because of the facts alleged and the verdict of not guilty of assault with a dangerous weapon. As alleged, the facts could well have supported a guilty verdict for this charge. But that is not the issue before this Court. Rather, our task is limited to ascertaining the elements of interfering with the report of a crime and deciding whether the prosecution proved those elements beyond a reasonable doubt. As I have demonstrated, a remand is required. It is not clear that the prosecution satisfied its burden, given the trial court’s verdict of not guilty of the crime of assault with a dangerous weapon.

 People v Burgess, 419 Mich 305; 353 NW2d 444 (1984).

 MCL 750.227b.

 Burgess, 419 Mich at 310.

 Contrary to the implications of the majority opinion, I do not claim that Burgess is controlling. The language of the statute at issue is controlling. My interpretation is consistent with that language. The majority’s is not. While Burgess is not controlling, I believe that it is relevant to highlight a weakness in the majority’s position. My interpretation is consistent with decisions of this Court interpreting similar language, whereas the majority’s is not.
The majority argues that we should not assume that the Legislature was aware of the interpretation that the Burgess Court gave the felony-firearm statute when it enacted the instant statute. But I do not need to make such an assumption to find Burgess relevant. Even if the majority were correct that we should not assume this fact, this Court is obligated to be aware of its own judicial construction of the similarly worded felony-firearm statute. And the Court should take guidance from that interpretation in this case.